Horace STRAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–96–0166–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 19, 1996.

Law Offices of David Martinez, David Martinez, Lubbock, for appellant.

Hale County District Attorney, Terry McEachern, Robert W. Kinkaid, Jr., Plainview, for appellee.

Before DODSON, QUINN and REAVIS, JJ.

QUINN, Justice.

Horace Strain, appellant, pled not guilty to the charge of indecency with a child. After the cause was tried to the court, the latter deferred appellant's adjudication and placed him on community supervision. In one point of error, appellant contends that the evidence was insufficient to establish that he committed the crime with which he was charged.[1] By way of cross-point, the State contends

---

1. The Texas Court of Criminal Appeals has construed article 44.01(j) of the Texas Code of Criminal Procedure as *vesting one whose guilt has been deferred under § 5 of article 42.12 of the same Code the right to appeal from the deferral.*

*Dillehey v. State,* 815 S.W.2d 623 (Tex.Crim.App. 1991) (noting that the legislature intended to grant such individuals the same right to appeal as that extended to individuals sentenced to regular probation).

that the sentence levied was illegal. We affirm.

### Point of Error

■ As previously mentioned, appellant contends that the evidence was legally insufficient to establish that he "exposed himself knowing that" a child, S.K., was present.[2] In determining whether he is correct, we must decide if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). Implicit within this standard of review is the requirement that the fact finder be given authority to reasonably infer facts from the evidence before it, credit the witnesses it cares to, disbelieve any or all of the testimony proffered, and weigh the evidence in the manner it chooses. *Depauw v. State*, 658 S.W.2d 628, 633–34 (Tex.App.—Amarillo 1983, pet. ref'd). Applying these rules to the record evidence at bar compels us to overrule the point of error.

According to S.K., appellant's 13 year old step-daughter, she and a group of her friends spent Halloween night at her house. While there, they encountered appellant who was naked and "playing with himself in front of us." "[H]e didn't have no clothes on and he had a flashlight and he was playing with himself and he had a flashlight to his butt and then he would flash his butt and stuff like that." She further testified that appellant faced her as he shined the light "to his butt and to his private parts." Furthermore, in response to a question regarding whether he saw S.K. during the episode, she replied, "I'm pretty sure he did."

Another 13 year old witness testified to seeing appellant at the door, as she and her friends stood in the yard. "[H]e had a flashlight and he was showing us his thing and his butt and everything." The witness also stat-ed that appellant "was jacking off." Though he said no words to them, their attention was nevertheless drawn to him because he was shining the flashlight.

A third minor appeared as a witness and stated that

[w]e were yelling stuff ... [t]hen all of a sudden we saw him doing like this for [S.K.] to come in. [S.K.] said not to. We stayed out there. He started doing all ... of that stuff again. He bended over and put a flashlight. [S.K.] said she was going to go in and tell her mom, so he closed the door ... [h]e came and opened the door again and started doing that stuff again ... we finally got tired of it and we went in and we told her mom. ...

On cross-examination, this same child informed the court 1) that she too saw appellant "jacking off," 2) that though appellant said nothing, he did motion for S.K. to come into the room with him, 3) that he shined the light on his penis and his face, and 4) that "[h]e was mainly looking at all of us."

The record further reveals that S.K. told her mother about appellant's conduct and her mother immediately proceeded to his location. Upon confronting him, she directed him to close the door, to which he replied that "they [the children] had been making a lot of noise and stuff out there."

■ Viewing this testimony in the light most favorable to the State, we find it more than ample to rationally support the conclusion that appellant intentionally and knowingly exposed his genitals to S.K., a minor, with intent to arouse and gratify his sexual desire. So too do we find it sufficient to rationally support the determination that appellant knew S.K. was present at the time. His own statement that the children had been making "a lot of noise" illustrated as much. Couple this with the testimony that he stared at the children and even motioned to S.K. while "jacking off" and flashing the light on his anatomy satisfied the burden of proof imposed upon the State.

---

**2.** The standard of review cited by appellant is that applicable to questions of legal sufficiency. He mentions nothing about the factual sufficiency of the evidence. *See Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). Nor does he, or the State, discuss whether some standard other than the aforementioned is applicable in de-termining whether the evidence "substantiates the defendant's guilt." *See* Tex.Code Crim.Proc. Ann. art 42.12, § 5(a) (Vernon Supp.1997) (stating that the evidence must substantiate guilt before the court grants deferred adjudication). Thus, we simply impose the standard used by appellant.

### Cross-point

In answering appellant's brief, the State argued that the judgment should be reversed since the court could not defer appellant's adjudication of guilt. That is, only one who pled guilty or nolo contendere can be granted deferred adjudication, according to the State. *Rodriguez v. State,* No. 03–95–00034–CR, —— S.W.2d ——, 1996 WL 637738 (Tex.App.—Austin, November 6, 1996, n.w.h.); *Reed v. State,* 644 S.W.2d 479, 483 (Tex.Crim.App. 1983). We must overrule the point due to the want of jurisdiction.

It is axiomatic that, save for a few exceptions, the State has no right of appeal. And, with regard to the exceptions referred to, they encompass orders dismissing an indictment or complaint, arresting or modifying a judgment, granting a new trial, sustaining a plea of former jeopardy, and granting certain motions to suppress. Tex.Code Crim.Proc. Ann. art. 44.01(a) (Vernon Supp.1997). So too do they encompass an appeal wherein the State posits that the sentence was illegal, *id.* at 44.01(b), and an appeal from a ruling on a question of law "if the defendant is convicted in the case and appeals the judgment." *Id.* at 44.01(c).

■ Here, the prosecutor does not attempt to appeal from an order mentioned under article 44.01(a) of the Criminal Code, but rather from one deferring adjudication. Furthermore, in deferring adjudication, the court, as a matter of law, neither levied sentence upon appellant nor convicted him of any crime. *See Ex parte Hernandez,* 705 S.W.2d 700, 702–703 (Tex.Crim.App.1986) (holding that when adjudication is deferred, " 'no sentence is assessed' "); *McNew v. State,* 608 S.W.2d 166, 172 (Tex.Crim.App. 1978) (holding that "it is clear that a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a 'conviction' ").[3] Consequently, none of the avenues through which the State may question an order or judgment on appeal apply to the case at bar.[4]

Finally, we do not consider *Rodriguez v. State,* as contrary authority. The opinion does insinuate that the State's cross-appeal could be heard under paragraphs (b) and (c) of article 44.01, Texas Code of Criminal Procedure. Yet, the issue is not addressed directly. Moreover, in the ensuing paragraphs of the opinion, the court expressly notes that "the essence of deferred adjudication is that a defendant *is not found guilty and is not convicted of any offense." Rodriguez v. State,* No. 03–95–00034–CR, slip op. at 28, —— S.W.2d ——, —— (Tex.App.—Austin, November 6, 1996, n.w.h.) (emphasis supplied). If the substance of the quoted passage is true, which it is, then we can hardly deem it authority for the proposition that there exists a sentence or conviction triggering the State's right to appeal when the defendant's adjudication is deferred. In effect, some of the reasons given by the *Rodriguez* court in holding that only those who plead guilty can receive deferred adjudication are also the same reasons which establish that the court had no jurisdiction to answer the matter in the first place.

Accordingly, the order deferring adjudication is affirmed.

---

3. Indeed, § 5(b) of article 42.12 of the Texas Code of Criminal Procedure states as much. Therein, the legislature declared that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, *pronouncement of sentence,* ... and defendant's appeal continue as if the adjudication ... had not been deferred." Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b) (Vernon Supp.1997) (emphasis added). Logically, under this statutory scheme, the legislature must have contemplated that deferred adjudication cannot constitute a sentence if pronouncement of the sentence occurs *after* guilt is adjudicated, and, guilt is not adjudicated if deferred by the court. Similarly, one cannot logically be "convicted" of a crime if the court has yet to adjudicate him guilty of that crime.

4. Yet, even if jurisdiction existed, it appears that § 5(d) to article 42.12, Texas Code of Criminal Procedure, could pose a further obstacle to the State's contention. Indeed, *Rodriguez v. State,* No. 03–95–00034–CR, —— S.W.2d —— (Tex. App.—Austin, November 6, 1996, n.w.h.) did not even consider the possibility that the passage "[i]n all other cases the judge may grant *deferred adjudication"* includes cases like that at bar. Tex.Code Crim.Proc.Ann. art. 42.12, § 5(d) (Vernon Supp.1997). But, again, that is not something which we can now answer.