TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00152-CR






David Uribe, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0982198, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Appellant David Uribe appeals from a conviction for indecency with a child by
exposure. See Tex. Penal Code Ann. § 21.11 (West 1994). In two issues, Uribe argues that there
is no evidence of an essential element of the offense--that Uribe exposed his genitals to the victim. 
We will affirm.


FACTS


 On or about the evening of April 6, 1998, the mother of eleven-year-old M.G. left
the child and her sister in a parked, locked car while the mother went into a grocery store. The
car was facing into the parking space.

 When the mother returned approximately five minutes later, Uribe's car was parked
in the space adjacent to hers. Uribe had backed into the parking space, so that the drivers' doors
were next to one another and only about two feet apart. Uribe's window was down. He was
reclining in the driver's seat with his left arm on the window and his head turned facing the two
girls. The mother testified that Uribe's car was moving back and forth in a jumping manner. The
mother approached Uribe's car and saw that he was sitting in the driver's seat, his pants pulled
down below his genitals with his penis exposed. Uribe was staring at the two girls and
masturbating. M.G. testified that she saw Uribe staring at her with a very serious expression that
frightened her. M.G. testified she could see the top part of Uribe's jeans. She saw that the car
was shaking but thought Uribe was shaking his leg.

 The mother noted Uribe's license number and called for help from a delivery man
parked nearby. As the two moved toward his car, Uribe drove away. After Uribe was
apprehended, the mother went to the police station and identified his photograph from
approximately eighteen to twenty-four pictures shown to her by the police.


DISCUSSION


 Uribe was charged with two counts of indecency with a child by exposure--one
relating to each child. Uribe pleaded not guilty and waived his right to a jury trial. The court,
after noting that the evidence of the second victim's name was inconsistent with the name charged
in the second count, found Uribe guilty of count one of the indictment.

 The first count of the indictment charged: 

DAVID URIBE on or about the 6TH day of APRIL A.D. 1998, . . . did then and
there with M______ G________, a child younger than 17 years of age and not his
spouse, knowingly and intentionally expose his genitals, with the intent to arouse
and gratify the sexual desire of the said DAVID URIBE, knowing said child was
present.



 The language in the indictment tracks Penal Code section 21.11, which provides: 



(a) A person commits an offense if, with a child younger than 17 years and not
his spouse, whether the child is of the same or opposite sex, he:


* * * * *



 (2) exposes his anus or any part of his genitals, knowing the child is present,
with intent to arouse or gratify the sexual desire of any person.



Tex. Penal Code Ann. § 21.11(a)(2).

 Uribe contends that the indictment and the Penal Code require the State to prove
that he exposed his genitals to M.G.; that the record contains no evidence to this effect; and that
the State's failure to prove this element of the offense violated his rights under the Fifth and Sixth
Amendments of the United States Constitution. See U.S. Const. amend. V, VI. To determine
the legal sufficiency of the evidence to support a criminal conviction, the question is whether,
after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App.
1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. See
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 In his argument, Uribe combines the specific intent element of the crime with the
act of exposure. To prove indecency with a child by exposure under section 21.11(a)(2), the State
must prove beyond a reasonable doubt that the accused had two specific mental states: (1)
knowledge that a child was present and (2) intent to arouse or gratify someone's sexual desire. 
See Tex. Penal Code Ann. § 21.11(a)(2); see also Briceno v. State, 580 S.W.2d 842, 844 (Tex.
Crim. App. 1979). Uribe does not contest the State's proof of either mental state. The statute
further requires that the State prove that in the course of the offense the accused exposed his
genitals. See Tex. Penal Code Ann. § 21.11. The record contains the testimony of M.G.'s
mother that she saw Uribe's penis. Uribe does not argue that his penis was not exposed but rather
claims that the State was further required to prove that he exposed himself to a child and that the
child saw his exposed genitals.

 In a criminal proceeding, the State is required to prove beyond a reasonable doubt
the essential elements of a crime and specific details charged in the indictment if the details are
descriptive of any essential element. See Tex. Code Crim. Proc. Ann. art. 38.03 (West Supp.
1998); Weaver v. State, 551 S.W.2d 419, 420-21 (Tex. Crim. App. 1977). Appellant's
indictment tracks the elements set forth in the statute; therefore, the State had a duty to prove that
the child saw Uribe's exposed genitals only if such a showing were an element of the offense
under the statute.

 When a statute is unambiguous, we must give effect to the plain meaning of the
words unless doing so would lead to absurd results. See Boykin v. State, 818 S.W.2d 782, 785-86
n.4 (Tex. Crim. App. 1991). We presume that the legislature used every word and phrase in a
statute for a purpose. See Polk v. State, 676 S.W.2d 408, 410 (Tex. Crim. App. 1984). We also
presume that if the legislature did not use certain words in a statute, it excluded those words for
a reason. See Timmons v. State, 952 S.W.2d 891, 892 (Tex. App.--Dallas 1997, no pet.);
Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981).

 Section 21.11(a)(2) is unambiguous and must be given its plain meaning. This
section requires the State to prove the following elements of the offense: (1) that the child was
within the protected age group and not married to the accused, (2) that the accused was with the
child, (3) that the accused had the intent to arouse or gratify someone's sexual desire, (4) that the
accused knew that a child was present, and (5) that the accused exposed his anus or genitals. 
Uribe does not claim that the State failed to prove any of these elements. Although the statute
requires that the offense be committed with a child younger than seventeen, the statute does not
expressly require that the State prove that the child actually saw the accused's genitals.

 The obvious intent of indecency laws is to protect children. The court of criminal
appeals, in construing a precursor to the current indecency statute, stated that the victim's
comprehension of the sexual quality of the accused's actions was immaterial because the accused's
intent is controlling. See Jones v. State, 238 S.W.2d 529, 530 (Tex. Crim. App. 1951). The
same logic applies in this case. Requiring the State to prove that the victim saw the accused's
exposed genitals or understood the nature of the victimization would undermine the purpose of
the statute and, in addition, afford less protection to certain children, such as those who are very
young, blind, or severely mentally challenged. The statute contains no such restriction and
indicates no such intent. Appellant's genitals were uncovered and open to plain view. The fact
that M.G. felt fear but did not look over into appellant's vehicle in no way exonerates him of the
offense.


CONCLUSION


 We hold that the statute does not include the additional element Uribe asserts and
that under these facts the State was therefore under no duty to prove that M.G. actually saw his
exposed penis. This holding is consistent with this Court's decision in Balfour v. State, in which
we previously held that there was sufficient evidence to sustain a conviction for indecency by
exposure even though the child had not seen the accused's genitals. See 993 S.W.2d 765, 769
(Tex. App.--Austin 1999, no pet. h.). (1) Because we hold that the evidence is legally sufficient to
support the conviction, we overrule both of Uribe's issues and affirm the trial court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: December 2, 1999

Publish
1. Although the victim in Balfour did not see Balfour's genitals, she did testify that she was
aware of his penis and felt it against her. See Balfour, 993 S.W.2d at 769. In that case, however,
the issue was whether exposed meant "exposed to sight." See id. The record in this case contains
the mother's direct testimony that she saw Uribe's exposed genitals, and he apparently could have
been seen by anyone walking by his car or looking into his car. 



indictment if the details are
descriptive of any essential element. See Tex. Code Crim. Proc. Ann. art. 38.03 (West Supp.
1998); Weaver v. State, 551 S.W.2d 419, 420-21 (Tex. Crim. App. 1977). Appellant's
indictment tracks the elements set forth in the statute; therefore, the State had a duty to prove that
the child saw Uribe's exposed genitals only if such a showing were an element of the offense
under the statute.

 When a statute is unambiguous, we must give effect to the plain meaning of the
words unless doing so would lead to absurd results. See Boykin v. State, 818 S.W.2d 782, 785-86
n.4 (Tex. Crim. App. 1991). We presume that the legislature used every word and phrase in a
statute for a purpose. See Polk v. State, 676 S.W.2d 408, 410 (Tex. Crim. App. 1984). We also
presume that if the legislature did not use certain words in a statute, it excluded those words for
a reason. See Timmons v. State, 952 S.W.2d 891, 892 (Tex. App.--Dallas 1997, no pet.);
Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981).

 Section 21.11(a)(2) is unambiguous and must be given its plain meaning. This
section requires the State to prove the following elements of the offense: (1) that the child was
within the protected age group and not married to the accused, (2) that the accused was with the
child, (3) that the accused had the intent to arouse or gratify someone's sexual desire, (4) that the
accused knew that a child was present, and (5) that the accused exposed his anus or genitals. 
Uribe does not claim that the State failed to prove any of these elements. Although the statute
requires that the offense be committed with a child younger than seventeen, the statute does not
expressly require that the State prove that the child actually saw the accused's genitals.

 The obvious intent of indecency laws is to protect children. The court of criminal
appeals, in construing a precursor to the current indecency statute, stated that the victim's
comprehension of the sexual quality of the accused's actions was immaterial because the accused's
intent is controlling. See Jones v. State, 238 S.W.2d 529, 530 (Tex. Crim. App. 1951). The
same logic applies in this case. Requiring the State to prove that the victim saw the accused's
exposed genitals or understood the nature of the victimization would undermine the purpose of
the statute and, in addition, afford less protection to certain children, such as those who are very
young, blind, or severely mentally challenged. The statute contains no such restriction and
indicates no such intent. Appellant's genitals were uncovered and open to plain view. The fact
that M.G. felt fear but did not look over into appellant's vehicle in no way exonerates him of the
offense.