NO. 07-02-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 21, 2003

_____

ALBERT DUANE MONTOYA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,981-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In presenting four issues for our decision, Albert Duane Montoya challenges his

conviction after a bench trial for the felony offense of indecency with a child and the

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2003).

resulting punishment of five years confinement in the Institutional Division of the Department of Criminal Justice. He contends that the answer to each of the issues would mandate reversal of his conviction. Disagreeing, we affirm the judgment of the trial court.

Appellant's challenges are that 1) the trial court erred in allowing the State to present witnesses when it had not complied with a pretrial ruling requiring it to produce a witness list, 2) the trial court erred in allowing witnesses to testify after a violation of Rule of Evidence 614, the witness sequestration rule, 3) the evidence is factually insufficient to support the court's finding that appellant exposed his genitals to gratify his sexual desire, and 4) the evidence is factually insufficient to show that appellant knew a child younger than 17 years was present at the time of the incident in question.

In the indictment charging appellant in this cause, it was alleged that on June 18, 2001, appellant did "with intent to arouse and gratify the sexual desire of the defendant, intentionally and knowingly expose [his] genitals to Cindy Swaim, a child younger than 17 years of age and not the spouse of the said defendant, knowing said child was present." At a pretrial hearing, the trial court granted a defense motion seeking production of a list of the names and addresses of all witnesses the prosecution intended to call at any stage of the proceedings.

Over appellant's objections, the State was allowed to present the testimony of Regina, John and Cynthia Swaim, Linda Lyons, and Amarillo Police Officer Gregg Putnam. Regina Swaim testified that she was in Ellwood Park in Amarillo to watch a series of volleyball games in which her children were participating. She was seated in the bleachers

2

with her daughter Cynthia when she and other spectators noticed appellant lying by a tree about 15 feet away. His penis was exposed and he was "playing with himself." She averred that appellant had an erection and was watching two girls practicing on a nearby sidewalk. She and some others confronted appellant at the scene.

The State's next witness was John Swaim, Regina's husband and Cynthia's father. He was sitting on the lawn by the bleachers watching volleyball games. Regina called to him and pointed to a tree. When he turned to look, he saw appellant "jacking off right behind me" at an estimated distance of ten yards. Appellant was looking at two nearby girls, one of whom Swaim identified as 16-year-old "Collie." He averred that he could clearly see appellant stroking his erect penis in view of Cynthia from where she was sitting in the bleachers. He was one of the spectators who told appellant to stop what he was doing, and he was still there when the police arrived about five minutes later.

Cynthia Swaim testified that she was 15 at the time of the incident. While she was watching a volleyball game, her sister motioned for her to come to the volleyball court, pointing toward the tree where Cynthia said she saw appellant "playing with his penis."

The State's next witness was Linda Lyons. Linda testified that Regina told her to look in the area where appellant was located. She averred that she was about 15 feet from appellant and saw him "masturbating looking at my daughter." Her daughter was 16-year-old Collie Lyons, one of the girls practicing on the sidewalk near appellant.

The State's final witness was Amarillo Police Officer Putnam, who arrested appellant. The officer said that when he arrived, there were several people around appellant, who was lying by a tree with his belt and pants unfastened. It was his opinion that appellant was intoxicated.

Appellant testified that he had been drinking vodka and beer most of the day, had smoked marijuana, and had taken a medication which was similar in its effect to Valium. In the early evening, he said, he needed to go to the bathroom but found two men engaged in oral sex in the bathroom. After waiting some time for them to emerge, he decided to urinate where he was. He swore that he was unaware of any nearby volleyball game and denied that he was exposing himself to gratify his sexual desires.

We initially address appellant's third and fourth issues in which he challenges the factual sufficiency of the evidence.[2] In conducting a factual sufficiency review, we must consider all of the evidence to determine whether the judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The trier of fact evaluates the credibility and demeanor of the witnesses and determines the weight to be given their testimony. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). We may not reweigh the evidence but rather, must defer to the trier of fact's findings, particularly those based upon

---

[2]As appellant does not challenge the legal sufficiency of the evidence, he has waived any claim of error on that basis.

credibility determinations. *See King v. State*, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); *Cain,* 958 S.W.2d at 407-09.

To prove indecency with a child by exposure, the State must establish beyond a reasonable doubt: 1) the accused knew a child was present; and 2) the accused's intent to arouse or gratify someone's sexual desire. *See* Tex. Pen. Code Ann. § 21.11(a)(2)(A) (Vernon Supp. 2003); *Uribe v. State*, 7 S.W.3d 294, 296 (Tex. App.–Austin 1999, pet. ref'd).

The gist of appellant's argument under this point is that although the jury could well have found that appellant was aware of the girls on the sidewalk, there is nothing to connect appellant with Cynthia Swaim, the child actually named in the indictment, or that appellant was aware of her.[3] In advancing his argument, he cites and relies upon the truism expounded by the court in *Briceno v. State*, 580 S.W.2d 842 (Tex. Crim. App. 1979), that the statute requires a defendant know of the presence of a child when he is engaged in his act. *Id.* at 844.

However, in considering appellant's argument, active attention-getting conduct is not requisite to a conviction for indecency and further, the requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, as well as all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.

---

[3]Appellant does not challenge the fact that Cynthia Swaim is the same girl as the Cindy Swaim referred to in the indictment.

5

Crim. App. 1981); *Turner v. State,* 600 S.W.2d 927, 930-31 (Tex. Crim. App. 1980); *Breckenridge v. State*, 40 S.W.3d 118, 128 (Tex. App.–San Antonio 2000, pet. ref'd).

The determinative question in this appeal is whether appellant's exposure to Cynthia was knowing, within the purview of the statute, and with the intent to gratify his sexual desires. The evidence in this case was sufficient to justify a factfinder's conclusion that appellant's genitals were exposed in a public place and in close proximity to Cynthia, as well as numerous other minors. That evidence was sufficient to sustain a conclusion that appellant's genitals were exposed to Cynthia as well as other children. *See and compare Uribe,* 7 S.W.3d at 295, 297 (evidence sufficient where the acused exposed his penis and masturbated in his automobile, which was parked next to the automobile in which the victim sat as a passenger, even though there was no proof the child actually saw his penis); *Turner,* 600 S.W.2d at 931 (jury could infer a defendant's awareness of a child when he drove past her as she walked, stopped, and exposed himself in his automobile); *Strain v. State*, 934 S.W.2d 424, 425 (Tex. App.–Amarillo 1996, no pet.) (evidence that naked defendant stood in the door of his residence and masturbated facing the victim and her friends who stood in the yard was sufficient to establish intent to expose); *Wilcox v. State*, 672 S.W.2d 12, 13-14 (Tex. App.–Houston [14th Dist.] 1984, no pet.) (evidence was sufficient to show awareness and intent when the accused stood by a gap in a backyard fence and dropped his pants close to where the victims played).

With regard to the question as to appellant's intent to gratify himself sexually, all of the witnesses present, with the exception of appellant, testified that his penis was erect

when it was exposed. The jury was also entitled to consider Regina Swaim's testimony that appellant had a "sick" expression as he faced the girls and masturbated, as well as Linda Lyon's testimony that she would "never forget the look on his face" as he looked at the girls and masturbated. The evidence about appellant's erection and the surrounding circumstances were amply sufficient to establish his intent to gratify himself sexually. Accordingly, appellant's third and fourth issues are overruled.

In his first issue, appellant posits that the trial court reversibly erred by allowing witnesses to testify who were not on the written list of witnesses furnished by the State pursuant to a pretrial motion. The record reveals that on December 18, 2001, some time prior to the April 16, 2002 bench trial, the trial court had granted appellant's motion for discovery of the State's intended witnesses, with the exception of rebuttal witnesses. At the outset of the trial, when the State called Regina Swaim, its first witness, it developed that the State had not delivered a witness list to appellant and counsel objected to the witness being permitted to testify. In the ensuing colloquy between the court and the attorneys, the State responded to the objection by arguing that the omission was by oversight, and that the witnesses' names had been shown on the State's subpoena list to which appellant had access. The prosecutor also represented to the court that the secretary of appellant's counsel had made copies of the State's entire file, he believed, which would have included the State's application for witness subpoenas. As is apparent from this appeal, appellant's objections were overruled and the witnesses permitted to testify. No request for continuance was made, nor does the record show that appellant's counsel asked for an opportunity to interview the witnesses before they testified.

7

Additionally, appellant's trial objection was limited to the failure to file the witness list, and he did not claim unfair surprise. Parenthetically, the witness list was filed on the morning the trial commenced.

In this appeal, appellant argues that the State was guilty of bad faith in not filing the witness list and the fact that the names of the witnesses might have been on the subpoena list did not cure the failure. This is true, he posits, because attempting to ascertain which of the persons on the list might actually be called by the State was an improper and impossible burden on him. He also reasons that he would have been put to the burden of constantly monitoring the subpoena list pending the trial date, which would be an impossible burden.

It is established that notice of the State's intended witnesses should be given upon proper request. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993), *cert. denied,* 512 U.S. 1246, 114 S.Ct.2765, 129 L.Ed.2d 879 (1994). If a witness whose name is not on a witness list is permitted to testify, the standard of review is whether the trial court abused its discretion by allowing the witness to testify. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). In determining whether a trial court abused its discretion in permitting the testimony of witnesses in a situation such as this, among the factors the appellate court should consider is whether there is a showing of bad faith on the part of the State in failing to disclose ahead of time the names of witnesses it intends to call. Additionally, another factor to be considered is whether the defendant could reasonably anticipate that the witness would

8

testify, even though the name is not on a witness list. *Nobles v. State,* 843 S.W.3d 503, 514 -15 *(*Tex. Crim. App. 1992). Moreover, the extreme sanction of exclusion of otherwise relevant testimony of a witness should not be imposed absent bad faith or willfulness on the part of the prosecution. *Pena v. State*, 864 S.W.2d 147, 149 (Tex. App.–Waco 1993, no pet.).

In this case, there is nothing in the record to indicate that there was bad faith in the State's failure to file its witness list prior to the day of trial. From the dialogue, the trial court would be justified in considering the open file policy of the State and the uncontroverted statement of the prosecutor that appellant had the opportunity to examine the State's entire file. It is also significant that appellant's trial counsel never told the court of any surprise testimony because the witness list was not filed earlier and counsel did not ask for a continuance or a recess to have the opportunity to talk to the witnesses. *See Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App.), *cert. denied,* 513 U.S. 861, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994) (failure to move for a continuance or object on the basis of surprise failed to preserve matter for appellate review even though court had ordered witness name to be furnished prior to trial). Appellant does not contest the fact that the witnesses were on the subpoena list, presumably some time previous to the trial date. *See Shavers v. State*, 985 S.W.2d 284, 290 (Tex. App.–Beaumont 1999, pet. ref'd). Moreover, this was a bench trial. In sum, under this record, the trial court did not abuse its discretion in its evident conclusion that appellant was not unfairly surprised by the testimony. Additionally, because of all the surrounding circumstances, the failure to timely file the

witness list was not sufficient to deprive appellant of a substantial right. *See* Tex. R. App. P. 44.2(b). Appellant's first issue is overruled.

In his second issue, appellant contends the trial court reversibly erred in allowing witnesses, who had been in the courtroom and heard another witness testify, to testify although the witness sequestration rule had been invoked. The circumstances giving rise to this issue occurred after the testimony of Regina Swaim, the State's first witness. The State's subsequent witnesses, John Swaim, Cynthia Swaim, Linda Lyons, and Gregg Putnam were present in the courtroom during Regina's testimony.

Among appellant's pretrial motions was one invoking the witness sequestration rule (the Rule). That motion was presented at the December 18, 2001 pretrial hearing. The prosecutor stated that he did not oppose the motion and, without specifically granting the motion, the trial judge commented, "I don't have a problem with [the motion]." Although the court's statement is somewhat ambiguous, for the purpose of our discussion, we will assume that the motion was granted.

Appellant made no reference to the Rule, nor did his counsel remind the court that the Rule had been invoked until after Regina Swaim had completed her testimony and the State had called John Swaim, its second witness. At that time, appellant objected to Regina's testimony on the basis that it would violate the Rule. The trial court immediately instructed each of the remaining witnesses as to the obligations of the Rule and excused them from the courtroom until called. With the comment to appellant's counsel that she should have made the court aware of the Rule's invocation before the trial began, the trial

10

judge overruled each of her objections to the subsequent witnesses and permitted them to testify.

The Rule is contained within Texas Rule of Evidence 614. In pertinent part, it provides that at the request of a party, the court "shall" order witnesses excluded so they cannot hear the testimony of other witnesses. The Rule does not mention what, if any, sanctions a trial judge may exact for a violation of the Rule. However, it is well established that a trial court's action in allowing testimony from such a witness is measured by the abuse of discretion standard and, until the contrary has been shown, it is presumed on appeal that the court's discretion was properly exercised. *Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996), *cert. denied,* 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997). Two criteria that have been suggested in determining whether improper injury or prejudice to the defendant resulted are a) whether the defendant actually conferred with or heard other witnesses' testimony, and b) whether the witness contradicted testimony of a witness from the other side or corroborated testimony of a witness he had heard. *Id.* In this case, the witnesses were present and heard Regina's testimony and their testimony largely corroborated hers. However, those suggested criteria are merely matters to be considered in deciding whether the trial judge abused his discretion in allowing the testimony.

Appellant's counsel did not remind the trial judge of the invocation of the Rule. Rather, his trial counsel sat mute until the State's first witness had testified. It is a general rule that appellate courts will not consider any error which counsel for an accused could have called, but did not call, to the attention of the trial court at a time when the error could

11

have been avoided or corrected. *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1981) (opinion on State's second motion for rehearing). This is certainly one of those instances. Moreover, the witnesses' testimony was based upon their own experience and presence. Nothing in the record indicates that having heard Regina's testimony colored their testimony. *Bell*, 938 S.W.2d at 51. Under this record, the trial court did not abuse its discretion in allowing the witnesses to testify. Additionally, our examination of the record convinces us that the trial court's action did not deprive appellant of a substantial right. Tex. R. App. P. 44.2(b). Appellant's second issue is overruled.

In summary, all of appellant's issues are overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.