In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-108 CR


 ______________________



DUSTIN RYAN DUNLAP, Appellant 



V.



STATE OF TEXAS, Appellee


 




On Appeal from the 260th District Court


Orange County, Texas


Trial Court No. D-060207-R






MEMORANDUM OPINION


 A jury found Dustin Ryan Dunlap guilty of the offense of indecency with a child. See
Tex. Pen. Code Ann. § 21.11(a)(2) (Vernon 2003). The trial court assessed punishment at
five years in prison, but suspended the imposition of sentence and placed Dunlap on
community supervision for ten years. (1) Dunlap appeals his conviction.

 In issue one, Dunlap argues the evidence is legally and factually insufficient to
support the jury's verdict. The offense of indecency with a child by exposure has the
following elements: (1) a person (2) knowing a child is present (3) who is younger than 17
and not the person's spouse (4) exposes the person's anus or any part of his or her genitals
(5) with intent to arouse or gratify the sexual desire of any individual. See Tex. Pen. Code
Ann. § 21.11(a)(2); Briceno v. State, 580 S.W.2d 842, 843 (Tex. Crim. App. 1979); Uribe
v. State, 7 S.W.3d 294, 297 (Tex. App.--Austin 1999, pet. ref'd). 

 In a legal sufficiency review, we consider all the evidence in the light most favorable
to the verdict in order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005). The trier of fact resolves conflicts in the testimony, weighs the
evidence, and draws reasonable inferences from basic facts to ultimate facts. Jackson, 443
U.S. at 319. Unless otherwise provided by law, the trier of fact is the sole judge of the facts
proved and of the weight to be given to the testimony. See Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979), art. 36.13 (Vernon 2007); Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000); see also Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008) ("Appellate courts should afford almost complete deference to a jury's decision when
that decision is based upon an evaluation of credibility."). We resolve any inconsistencies
in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App.
2000) (citing Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)).

 In a factual sufficiency review, we consider all the evidence in a neutral light. Roberts
v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). We ask whether the evidence
supporting the conviction, although legally sufficient, is so weak that the fact-finder's
determination is clearly wrong and manifestly unjust or whether conflicting evidence so
greatly outweighs the evidence supporting the conviction that the fact-finder's determination
is manifestly unjust. Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008). 

 Viewing the evidence in the light most favorable to the verdict, a rational fact-finder
could find the essential elements of the crime beyond a reasonable doubt. It is
uncontroverted that Dunlap was visiting in K.B.'s home on the night in question. K.B., a
thirteen-year-old girl, testified Dunlap pulled his pants down when they were alone in the
bedroom and began to masturbate in front of her. Article 38.07(a) of the Texas Code of
Criminal Procedure provides that a conviction under Chapter 21, section 22.011, or section
22.021 of the Penal Code is supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the defendant, of the alleged
offense within one year after the date on which the offense is alleged to have occurred. See
Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon 2005). It is undisputed that K.B.
informed the school counselor within one year after the alleged offense date. In addition,
article 38.07 provides that the requirement that the victim inform another person of an
alleged offense does not apply if at the time of the alleged offense the victim was a person
seventeen (17) years or younger. Tex. Code Crim. Proc. Ann. art. 38.07(b) (Vernon 2005). 
K.B. was thirteen at the time of the offense.

 From the evidence, it is clear Dunlap had the opportunity to commit the act. K.B.'s
brother's testimony supports K.B.'s testimony that she and Dunlap were alone in another
room of the house. This case turns on whether the jury believed K.B., who testified Dunlap
exposed himself to her, or Dunlap, who testified he did not. The credibility of a witness is
for the jury to decide. See Lancon, 253 S.W.3d at 705. "What weight to give contradictory
testimonial evidence is within the sole province of the jury, because it turns on an evaluation
of credibility and demeanor." Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App.
1997). The evidence supporting the verdict is not so weak that the jury's determination is
clearly wrong and manifestly unjust, and the conflicting evidence does not so greatly
outweigh the evidence supporting the conviction that the jury's verdict is manifestly unjust. 
The evidence is legally and factually sufficient to support the verdict. See Tex. Pen. Code
Ann. § 21.11(a)(2); Tex. Code Crim. Proc. Ann. art. 38.07 (a), (b). We overrule issue one.

 In issue two, Dunlap argues his trial counsel was ineffective because he failed to file
a motion in limine and failed to properly investigate and present an adequate defense. To
obtain a reversal of a conviction on the ground of ineffective assistance of counsel, an
appellant must demonstrate both deficient performance and prejudice by showing that (1)
trial counsel's performance fell below an objective standard of reasonableness and (2) there
is a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. Cannon v. State, 252 S.W.3d 342, 348-49 (Tex.
Crim. App. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984)). "Under normal circumstances, the record on direct appeal will not be
sufficient to show that counsel's representation was so deficient and so lacking in tactical or
strategic decisionmaking as to overcome the presumption that counsel's conduct was
reasonable and professional." Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

 Rather than filing a motion in limine, trial counsel objected to the admission of certain
evidence during the trial. Dunlap references evidence that the visitation with his child was
required to be supervised and that he was on leave from the Texas Youth Commission for
acts of physical violence against a youth. Dunlap contends neither was true. Dunlap argues
counsel should have filed a motion in limine that would have "prevented the jury from
hearing this evidence and being tainted with its knowledge." 

 The mere failure to file pretrial motions, such as a motion in limine, does not
categorically constitute ineffective assistance. Autry v. State, 27 S.W.3d 177, 182 (Tex.
App.--San Antonio 2000, pet. ref'd). A trial court's grant or denial of a motion in limine is
a preliminary ruling only and normally preserves nothing for appellate review. Geuder v.
State, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). 

 Appellant's point appears to be that if trial counsel had filed a motion in limine and
the trial judge had granted it, the State would have had to ask the trial court's permission
before the State could ask the question in the jury's presence; trial counsel could then have
objected and received the ruling before the jury heard the evidence embedded in the question.

 An appellant must object when the evidence is offered. Roberts, 220 S.W.3d at 533. 
Dunlap's trial counsel objected to the evidence during trial, and the trial court sustained his
objections. The trial judge thereafter in the jury charge instructed the jury that "[i]n
deliberating on the cause you are not to refer to or discuss any matter or issue not in evidence
before you[.]" The objections to the evidence having been sustained, the jury could not
consider the evidence. We presume the jury followed the trial court's instruction. See
generally Resendiz v. State, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (citing Colburn
v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998)). Nothing in the record suggests the
jury disregarded the trial court's instructions. 

 Dunlap asserts other ineffective assistance claims. He alleges counsel failed to
properly investigate and present an adequate defense. Specifically, Dunlap states trial
counsel should have called independent witnesses such as K.B's older brother to recount the
events of February 23, and a witness from Dunlap's employer to explain the employment
suspensions and the "way things work at the juvenile units." 

 When challenging an attorney's failure to call a particular witness, an "applicant must
show that [the witness was] available to testify and that his testimony would have been of
some benefit to the defense." Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004)
(footnote omitted). Dunlap did not show the availability of K.B.'s older brother to testify at
trial or any beneficial aspect of his testimony. Dunlap points to his own trial testimony that
K.B.'s older brother came by the house during the evening and to the omission of that detail
in K.B.'s testimony. The jury was free to decide whether to believe or disbelieve Dunlap's
testimony that the older brother stopped by. Even if he had, this evidence does not contradict
or impeach K.B.'s account of the details of the offense that occurred in the bedroom. 

 Dunlap described his employment at the Texas Youth Commission. He was a juvenile
correction officer responsible for Class B offenders. Dunlap explained that any time a guard
restrains a juvenile inmate who then claims injury, an internal investigation is conducted. 
Dunlap testified he was cleared of any wrongdoing in both investigations. No one
contradicted Dunlap's testimony concerning the disposition of the investigations. Dunlap
did not identify a specific witness from Dunlap's employment and did not establish a witness
would have been available to testify at trial. Dunlap has not demonstrated on direct appeal
his trial attorney's deficient performance, or prejudice from that performance. We overrule
issue two. The conviction is affirmed. 


 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

 
Submitted on September 24, 2008

Opinion Delivered October 29, 2008 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The trial court also ordered that Dunlap serve 120 days in the county jail as a
condition of probation.