NO. 07-09-0175-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 6, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

IN THE MATTER OF THE MARRIAGE OF
LAWRENCE PHILLIP MARTINELLI AND BRIGITTE CURTIS
AND IN THE INTEREST OF A.W.M., T.P.M., A.M.M.
 AND P.L.M., CHILDREN
_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 208-544,288; HONORABLE WILLIAM C. SOWDER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â Pending before the Court is a motion of appellant Brigitte Curtis indicating she
desires to dismiss her appeal pursuant to Rule 42.1 of the Texas Rules of Appellate
Procedure. The motion contains a certificate of conference showing other parties do not
oppose dismissal. No decision of the Court having been delivered to date in the appeal
and the motion complying with the requirements of Rule 42.1(a), we grant the motion. The
appeal is dismissed.
Â 
Â Â Â Â Â Â Â Â Â Â Because we have disposed of this appeal at the appellant's request, we will not
entertain a motion for rehearing and our mandate shall issue forthwith.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice








nd determines the weight to be given their testimony. Cain
v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). We may not reweigh the
evidence but rather, must defer to the trier of fact's findings, particularly those based upon
credibility determinations. See King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000);
Cain, 958 S.W.2d at 407-09. 

 To prove indecency with a child by exposure, the State must establish beyond a
reasonable doubt: 1) the accused knew a child was present; and 2) the accused's intent
to arouse or gratify someone's sexual desire. See Tex. Pen. Code Ann. § 21.11(a)(2)(A)
(Vernon Supp. 2003); Uribe v. State, 7 S.W.3d 294, 296 (Tex. App.-Austin 1999, pet.
ref'd). 

 The gist of appellant's argument under this point is that although the jury could well
have found that appellant was aware of the girls on the sidewalk, there is nothing to
connect appellant with Cynthia Swaim, the child actually named in the indictment, or that
appellant was aware of her. (3) In advancing his argument, he cites and relies upon the
truism expounded by the court in Briceno v. State, 580 S.W.2d 842 (Tex. Crim. App. 1979),
that the statute requires a defendant know of the presence of a child when he is engaged
in his act. Id. at 844.

 However, in considering appellant's argument, active attention-getting conduct is not
requisite to a conviction for indecency and further, the requisite specific intent to arouse
or gratify the sexual desire of any person can be inferred from the defendant's conduct, as
well as all surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex.
Crim. App. 1981); Turner v. State, 600 S.W.2d 927, 930-31 (Tex. Crim. App. 1980);
Breckenridge v. State, 40 S.W.3d 118, 128 (Tex. App.-San Antonio 2000, pet. ref'd). 

 The determinative question in this appeal is whether appellant's exposure to Cynthia
was knowing, within the purview of the statute, and with the intent to gratify his sexual
desires. The evidence in this case was sufficient to justify a factfinder's conclusion that
appellant's genitals were exposed in a public place and in close proximity to Cynthia, as
well as numerous other minors. That evidence was sufficient to sustain a conclusion that
appellant's genitals were exposed to Cynthia as well as other children. See and compare
Uribe, 7 S.W.3d at 295, 297 (evidence sufficient where the acused exposed his penis and
masturbated in his automobile, which was parked next to the automobile in which the victim
sat as a passenger, even though there was no proof the child actually saw his penis);
Turner, 600 S.W.2d at 931 (jury could infer a defendant's awareness of a child when he
drove past her as she walked, stopped, and exposed himself in his automobile); Strain v.
State, 934 S.W.2d 424, 425 (Tex. App.-Amarillo 1996, no pet.) (evidence that naked
defendant stood in the door of his residence and masturbated facing the victim and her
friends who stood in the yard was sufficient to establish intent to expose); Wilcox v. State,
672 S.W.2d 12, 13-14 (Tex. App.-Houston [14th Dist.] 1984, no pet.) (evidence was
sufficient to show awareness and intent when the accused stood by a gap in a backyard
fence and dropped his pants close to where the victims played).

 With regard to the question as to appellant's intent to gratify himself sexually, all of
the witnesses present, with the exception of appellant, testified that his penis was erect
when it was exposed. The jury was also entitled to consider Regina Swaim's testimony
that appellant had a "sick" expression as he faced the girls and masturbated, as well as
Linda Lyon's testimony that she would "never forget the look on his face" as he looked at
the girls and masturbated. The evidence about appellant's erection and the surrounding
circumstances were amply sufficient to establish his intent to gratify himself sexually. 
Accordingly, appellant's third and fourth issues are overruled. 

 In his first issue, appellant posits that the trial court reversibly erred by allowing
witnesses to testify who were not on the written list of witnesses furnished by the State
pursuant to a pretrial motion. The record reveals that on December 18, 2001, some time
prior to the April 16, 2002 bench trial, the trial court had granted appellant's motion for
discovery of the State's intended witnesses, with the exception of rebuttal witnesses. At
the outset of the trial, when the State called Regina Swaim, its first witness, it developed
that the State had not delivered a witness list to appellant and counsel objected to the
witness being permitted to testify. In the ensuing colloquy between the court and the
attorneys, the State responded to the objection by arguing that the omission was by
oversight, and that the witnesses' names had been shown on the State's subpoena list to
which appellant had access. The prosecutor also represented to the court that the
secretary of appellant's counsel had made copies of the State's entire file, he believed,
which would have included the State's application for witness subpoenas. As is apparent
from this appeal, appellant's objections were overruled and the witnesses permitted to
testify. No request for continuance was made, nor does the record show that appellant's
counsel asked for an opportunity to interview the witnesses before they testified. 
Additionally, appellant's trial objection was limited to the failure to file the witness list, and
he did not claim unfair surprise. Parenthetically, the witness list was filed on the morning
the trial commenced.

 In this appeal, appellant argues that the State was guilty of bad faith in not filing the
witness list and the fact that the names of the witnesses might have been on the subpoena
list did not cure the failure. This is true, he posits, because attempting to ascertain which
of the persons on the list might actually be called by the State was an improper and
impossible burden on him. He also reasons that he would have been put to the burden of
constantly monitoring the subpoena list pending the trial date, which would be an
impossible burden.

 It is established that notice of the State's intended witnesses should be given upon
proper request. Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993), cert. denied,
512 U.S. 1246, 114 S.Ct.2765, 129 L.Ed.2d 879 (1994). If a witness whose name is not
on a witness list is permitted to testify, the standard of review is whether the trial court
abused its discretion by allowing the witness to testify. Stoker v. State, 788 S.W.2d 1, 15
(Tex. Crim. App. 1989), cert. denied, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). 
In determining whether a trial court abused its discretion in permitting the testimony of
witnesses in a situation such as this, among the factors the appellate court should consider
is whether there is a showing of bad faith on the part of the State in failing to disclose
ahead of time the names of witnesses it intends to call. Additionally, another factor to be
considered is whether the defendant could reasonably anticipate that the witness would
testify, even though the name is not on a witness list. Nobles v. State, 843 S.W.3d 503,
514 -15 (Tex. Crim. App. 1992). Moreover, the extreme sanction of exclusion of otherwise
relevant testimony of a witness should not be imposed absent bad faith or willfulness on
the part of the prosecution. Pena v. State, 864 S.W.2d 147, 149 (Tex. App.-Waco 1993,
no pet.).

 In this case, there is nothing in the record to indicate that there was bad faith in the
State's failure to file its witness list prior to the day of trial. From the dialogue, the trial court
would be justified in considering the open file policy of the State and the uncontroverted
statement of the prosecutor that appellant had the opportunity to examine the State's entire
file. It is also significant that appellant's trial counsel never told the court of any surprise
testimony because the witness list was not filed earlier and counsel did not ask for a
continuance or a recess to have the opportunity to talk to the witnesses. See Barnes v.
State, 876 S.W.2d 316, 328 (Tex. Crim. App.), cert. denied, 513 U.S. 861, 115 S.Ct. 174,
130 L.Ed.2d 110 (1994) (failure to move for a continuance or object on the basis of
surprise failed to preserve matter for appellate review even though court had ordered
witness name to be furnished prior to trial). Appellant does not contest the fact that the
witnesses were on the subpoena list, presumably some time previous to the trial date. See
Shavers v. State, 985 S.W.2d 284, 290 (Tex. App.-Beaumont 1999, pet. ref'd). Moreover,
this was a bench trial. In sum, under this record, the trial court did not abuse its discretion
in its evident conclusion that appellant was not unfairly surprised by the testimony. 
Additionally, because of all the surrounding circumstances, the failure to timely file the
witness list was not sufficient to deprive appellant of a substantial right. See Tex. R. App.
P. 44.2(b). Appellant's first issue is overruled.

 In his second issue, appellant contends the trial court reversibly erred in allowing
witnesses, who had been in the courtroom and heard another witness testify, to testify
although the witness sequestration rule had been invoked. The circumstances giving rise
to this issue occurred after the testimony of Regina Swaim, the State's first witness. The
State's subsequent witnesses, John Swaim, Cynthia Swaim, Linda Lyons, and Gregg
Putnam were present in the courtroom during Regina's testimony.

 Among appellant's pretrial motions was one invoking the witness sequestration rule
(the Rule). That motion was presented at the December 18, 2001 pretrial hearing. The
prosecutor stated that he did not oppose the motion and, without specifically granting the
motion, the trial judge commented, "I don't have a problem with [the motion]." Although the
court's statement is somewhat ambiguous, for the purpose of our discussion, we will
assume that the motion was granted. 

 Appellant made no reference to the Rule, nor did his counsel remind the court that
the Rule had been invoked until after Regina Swaim had completed her testimony and the
State had called John Swaim, its second witness. At that time, appellant objected to
Regina's testimony on the basis that it would violate the Rule. The trial court immediately
instructed each of the remaining witnesses as to the obligations of the Rule and excused
them from the courtroom until called. With the comment to appellant's counsel that she
should have made the court aware of the Rule's invocation before the trial began, the trial
judge overruled each of her objections to the subsequent witnesses and permitted them
to testify.

 The Rule is contained within Texas Rule of Evidence 614. In pertinent part, it
provides that at the request of a party, the court "shall" order witnesses excluded so they
cannot hear the testimony of other witnesses. The Rule does not mention what, if any,
sanctions a trial judge may exact for a violation of the Rule. However, it is well established
that a trial court's action in allowing testimony from such a witness is measured by the
abuse of discretion standard and, until the contrary has been shown, it is presumed on
appeal that the court's discretion was properly exercised. Bell v. State, 938 S.W.2d 35, 50
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997). 
 Two criteria that have been suggested in determining whether improper injury or prejudice
to the defendant resulted are a) whether the defendant actually conferred with or heard
other witnesses' testimony, and b) whether the witness contradicted testimony of a witness
from the other side or corroborated testimony of a witness he had heard. Id. In this case,
the witnesses were present and heard Regina's testimony and their testimony largely
corroborated hers. However, those suggested criteria are merely matters to be considered
in deciding whether the trial judge abused his discretion in allowing the testimony.

 Appellant's counsel did not remind the trial judge of the invocation of the Rule. 
Rather, his trial counsel sat mute until the State's first witness had testified. It is a general
rule that appellate courts will not consider any error which counsel for an accused could
have called, but did not call, to the attention of the trial court at a time when the error could
have been avoided or corrected. Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim. App.
1981) (opinion on State's second motion for rehearing). This is certainly one of those
instances. Moreover, the witnesses' testimony was based upon their own experience and
presence. Nothing in the record indicates that having heard Regina's testimony colored
their testimony. Bell, 938 S.W.2d at 51. Under this record, the trial court did not abuse its
discretion in allowing the witnesses to testify. Additionally, our examination of the record
convinces us that the trial court's action did not deprive appellant of a substantial right. 
Tex. R. App. P. 44.2(b). Appellant's second issue is overruled.

 In summary, all of appellant's issues are overruled, and the judgment of the trial
court is affirmed. 


 John T. Boyd

 Senior Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. Â§ 75.002(a)(1) (Vernon Supp. 2003). 
2. As appellant does not challenge the legal sufficiency of the evidence, he has
waived any claim of error on that basis. 
3. Appellant does not challenge the fact that Cynthia Swaim is the same girl as the
Cindy Swaim referred to in the indictment.