Grady Wilson **BAGGETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00166–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 5, 1993.

---

Maggie McBride, Houston, for appellant.

John B. Holmes, Scott Durfee, Houston, for appellee.

Before HEDGES, DUGGAN and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

HEDGES, Justice.

We withdraw our earlier opinion, we substitute the following opinion in its stead, we

---

affirm the judgment, and we deny appellant's motion for rehearing.

In our opinion dated May 20, 1993, we affirmed the judgment of the trial court, holding that appellant's second indictment did not violate his protection against double jeopardy under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The United States Supreme Court recently overruled *Grady* in *United States v. Dixon*, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). We therefore feel constrained to analyze this case under the remaining double jeopardy authority, *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Before trial, appellant, Grady Wilson Baggett, filed and urged a jeopardy motion to dismiss, which the trial court overruled. After that ruling, appellant pled nolo contendere to the two counts of indecency with a child. The trial court accepted his plea and, after finding one enhancement paragraph of the indictment true, sentenced appellant to 15–years confinement for each count. On appeal, appellant asserted that the trial judge erred in denying his double jeopardy motion to dismiss.

On October 4, 1991, two girls, nine and eight years old, stopped at a convenience store in Pasadena on the way home from school. Two adults, Michael and Norman Lankford, were outside the store filling the gas tank of their car. As the two girls left the store, appellant approached them and exposed his genitals to the two girls and the two adults. The stipulated facts in the present case alleges that all four persons saw him expose his genitals. Appellant then walked away and was arrested shortly afterwards.

Appellant was charged in cause number 9140499 for indecent exposure to Michael Lankford on October 4, 1991. He pled guilty to this misdemeanor charge and was sentenced to 180–days confinement.

On October 18, 1991, appellant was indicted on two counts of indecency with a child, a felony offense. Appellant moved to dismiss the indictment on the grounds that prosecution was barred by double jeopardy. After the trial court denied his motion to dismiss, appellant entered into a plea bargain agreement and pled nolo contendere to both counts. On February 10, 1992, the trial judge, after finding one enhancement paragraph true, sentenced appellant to 15–years confinement for each count. Appellant reserved his right, and obtained the trial court's consent, to appeal the denial of his motion to dismiss.

In his sole point of error, appellant asserts that the trial court erred in denying his motion to dismiss based on his claim of double jeopardy. Appellant contends that his October 8, 1991, conviction on one count of indecent exposure (Baggett I), precluded subsequent prosecution for two counts of indecency with a child (Baggett II).[1]

In *Blockburger*, the court held that a sale of narcotics violating two statutory provisions constituted distinct offenses susceptible of separate prosecutions. The court reasoned that

> Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

Our Court of Criminal Appeals has consistently followed the *Blockburger* analysis in double jeopardy challenges. In *Phillips v. State*, 787 S.W.2d 391, 394 (Tex.Crim.App. 1990) (citing *Blockburger*), the court held that "cumulative punishment, consistent with the double jeopardy clause, may be imposed where separate offenses occur in the same transaction, as long as each conviction requires proof of an additional element which the other does not."

---

1. In Baggett I, appellant was charged with a violation of Tex.Penal Code Ann. § 21.08(a) (Vernon 1989), which involves the exposure to any person; in Baggett II, appellant was charged with a violation of Tex.Penal Code Ann. § 21.11(a) (Vernon 1989), which involves the exposure to a child.

In *Spradling v. State,* 773 S.W.2d 553 (Tex.Crim.App.1989), the defendant had struck and killed two women with his automobile. He was indicted once for failure to stop and render aid to the first victim, and a second time for failure to stop and render aid to the other victim. The court rejected his argument that his conviction under the second indictment violated his right to be protected against multiple prosecutions and multiple punishments for the same offense. *Blockburger* was cited for the proposition that "the double jeopardy clause of the Fifth Amendment does not restrict a legislature from carving out as many offenses as it chooses from one transaction so long as each offense requires 'proof of a fact which the other does not.'" *Spradling,* 773 S.W.2d at 555. The *one act or transaction* versus *one offense* distinction, adopted in *Ex parte McWilliams,* 634 S.W.2d 815, 823 (Tex.Crim. App.1982), was reaffirmed.

Although appellant committed but one act of exposure, under *Blockburger* and its concurring Texas authority, he committed more than one offense for which he can be prosecuted without violating his right to be protected against double jeopardy. Analogous to *Spradling,* where the single transaction was the striking and killing of two women at the same time by the same automobile, appellant committed a single act of exposure to four different people. In *Spradling,* the court stated, "It is universally accepted that when a defendant, by a single physical act, assaults or kills two or more persons, the Double Jeopardy Clause does not bar separate prosecutions for each victim assaulted or killed." *Spradling,* 773 S.W.2d at 556.

The State would have been justified in indicting, prosecuting, and punishing him for four acts of indecent exposure or two acts of indecent exposure and two acts of indecency with a child. The essence of this multiple prosecution is that each offense required proof of a fact that the others did not: the identity of the victim. Because each victim in the two convictions was different, each conviction was based on a separate offense. Therefore, appellant's right to be protected against multiple prosecutions and punishments for the same offense was not violated.

We overrule appellant's motion for rehearing.