# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00814-CR

**David Yanes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 3013154, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

## O P I N I O N

Appellant David Yanes appeals his conviction for indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 21.11 (West 2003). Yanes asserts that the indictment did not allege the offense with sufficient certainty because it did not specifically name a child who was present when appellant exposed himself. Yanes urges such specificity is required both to assure fair notice and to prevent double jeopardy from subsequent prosecutions by other unnamed children who may have been present. We affirm Yanes's conviction.

## BACKGROUND

On August 16, 2001, Yanes was seen by an adult witness, naked, save a shirt draped over his chest, sitting in a car masturbating while watching several children who were gathered

around a snow cone stand.  Upon seeing what Yanes was doing, the witness screamed.  Startled, Yanes fled the scene.  The witness took note of Yanes's license plate number, and Yanes was later apprehended by police.

Yanes was charged for indecency with a child by exposure through an indictment that alleged:

> that DAVID YANES on or about the 16th day of August A.D. 2001, . . . did then and there with a child younger than 17 years of age and not his spouse, knowingly and intentionally expose his genitals, with the intent to arouse and gratify the sexual desire of the said DAVID YANES, knowing said child was present . . . .

Yanes filed a motion to quash, asserting that the indictment was fatally defective because it did not specifically name a child who was present.  The district court overruled Yanes's motion.  Yanes then agreed to a negotiated plea of guilty to the offense of indecency with a child by exposure, enhanced by one prior felony conviction.  Yanes was sentenced to twenty years in prison.  He now appeals asserting that the district court erred by overruling his motion to quash the indictment.

## DISCUSSION

**Standard of review**

The adequacy of an indictment is a question of law; therefore, the district court's ruling is subject to *de novo* review.  *See State v. Hoffman*, 999 S.W.2d 573, 574 (Tex. App.—Austin 1999, no pet.) (whether indictment alleged offense was question of law subject to *de novo* review); *see also Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997) (purely legal questions reviewed *de novo*).

2

**Fair notice**

A motion to quash should be granted only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). In *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986), the court explained:

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of "notice." If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense and, finally, how great an impact.

*See also Geter v. State*, 779 S.W.2d 403, 407 (Tex. Crim. App. 1989). As a general rule, subject to rare exceptions, an indictment is of legally sufficient specificity if it tracks the words of the statute defining the offense. *Lewis v. State*, 659 S.W.2d 429, 431 (Tex. Crim. App. 1983). Yanes does not dispute that the indictment here tracks the language of the statute defining the offense.[1] Instead, Yanes relies on an exception to the general rule, arguing that the indictment was fatally flawed because it did not include each essential element of the crime with which he was charged.

Yanes was charged with indecency with a child by exposure, which consists of the following elements: (1) that the child was within the protected age group [younger than seventeen] and not married to the accused, (2) that a child was present, (3) that the accused had the intent to

---

[1] The statute provides: "A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person: with the intent to arouse or gratify the sexual desire of any person: exposes the person's anus or any part of the person's genitals, knowing the child is present . . . ." Tex. Pen. Code Ann. § 21.11(a)(2)(1) (West 2003).

arouse or gratify someone's sexual desire, (4) that the accused knew that a child was present, and (5) that the accused exposed his anus or genitals. Tex. Penal Code Ann. § 21.11(a)(2) (West 2003); *see also Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd).

Yanes argues that the element relating to the presence of a child requires proof of the identity of a specific child victim. The indictment did not name a specific child victim, but stated only that *a* child was present. Yanes contends this omission renders the indictment fatally deficient. Yanes relies on several Texas Court of Criminal Appeals decisions that have held indictments fundamentally defective for omitting the name of the victim. *See Munoz v. State*, 657 S.W.2d 105, 107 (Tex. Crim. App. 1983) (indictment held fundamentally defective because it did not allege owner or provider of services taken); *Silguero v. State*, 608 S.W.3d 619, 620 (Tex. Crim. App. 1980) (indictment held fundamentally defective because it failed to allege name of victim of attempted aggravated rape); *Ex parte Lewis*, 544 S.W.2d 430, 431 (Tex. Crim. App. 1976) (indictment held fundamentally defective because it failed to allege name of victim of aggravated assault with deadly weapon).

The State distinguishes Yanes's cases as involving victim-centered crimes, like assault or rape, where the gravamen of the offense is the harm to the victim. It contrasts the offense of indecency with a child by exposure, which instead is concerned with the mental state and conduct of the perpetrator. As this Court has previously observed, the State is not required to prove that the victim of indecency with a child by exposure was aware of the perpetrator's acts. *See Uribe*, 7 S.W.3d at 297.

The State also analogizes the offense of indecency with a child by exposure to the offense of indecent exposure. The elements of indecent exposure are the same as indecency with

4

a child by exposure except that indecency with a child by exposure requires that a child under the age of seventeen be present, whereas indecent exposure requires only that a person of any age be present. *Compare* Tex. Pen. Code Ann. § 21.08 (West 2003), *with* Tex. Pen. Code Ann. § 21.11(a)(2).[2] The court of criminal appeals has held that a specific victim need not be named in an indictment for indecent exposure. *See Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977). The State suggests that indecency with a child by exposure is merely an aggravated version of indecent exposure and that the analysis for sufficiency of the indictment should, therefore, be the same. Yanes counters that the legislature intended to make indecency with a child by exposure a victim-centered crime, pointing out that it added what Yanes characterizes as an additional element that a child be present and included the offense within the section of the penal code that deals with sexual crimes against children.

We agree with the State. Indecency with a child by exposure is not a victim-centered offense analogous to aggravated rape, or indecency with a child by contact, because indecency with a child by exposure centers on the mental state and actions of the perpetrator and not on the harm done to the victim. The State's comparison to the offense of indecent exposure is an apt one; in fact, the Texas Court of Criminal Appeals has held that the offense of indecent exposure is a lesser included offense of indecency with a child by exposure. *See Brienco v. State*, 580 S.W.2d 842, 842-44 (Tex. Crim. App. 1979). It is not necessary to name a specific victim on an indecent exposure indictment, in part because it is not a victim-centered offense; the witness of the exposure need not

---

[2] The offense of indecent exposure consists of the following elements: (1) a person (2) exposes his anus or any part of his genitals (3) with intent to arouse or gratify the sexual desire of any person, and (4) he is reckless about whether another person is present who will be offended or alarmed by his act. *See* Tex. Pen. Code Ann. § 21.08 (West 2003).

5

be offended by the display for the perpetrator to be guilty. *State v. York*, 31 S.W.3d 798, 802-803 (Tex. App.—Dallas 2002, pet. ref'd). We see no basis for treating the offense of indecency with a child by exposure any differently.

Yanes urges that the failure to specify an alleged child victim impedes his ability to defend against the indecency with a child accusation on the basis that the victim in reality was over seventeen years of age. Although the indictment does not specify the name of a child against whom Yanes might target an age-based defense, we do not find that the omission deprived him of "notice adequate to prepare his defense." *Adams*, 707 S.W.2d at 903. A defendant in an indecent exposure case similarly has to defend against the allegation that an unidentified victim was present.

Finally, we note that when indecency with a child by exposure occurs, the perpetrator ordinarily flees the scene upon discovery, as might any children who witnessed the episode, and children who may have been unaware of the episode may disperse without knowledge that a crime has been committed. We doubt that the legislature intended to preclude prosecution, even when adult witnesses could establish the defendant's guilt, merely because no one managed to identify the children before they dispersed. We also doubt that the legislature intended to require the State to inform unwitting children of a perpetrator's acts, as seemingly would be necessary to obtain their names, in order to prosecute an offense that does not require that the children were aware of those acts.

**Double jeopardy**

Yanes also asserts that the omission of a named child victim from the indictment leaves him vulnerable to double jeopardy. Yanes points to dicta from one of our sister courts

6

suggesting that indecency with a child by exposure and indecent exposure are victim-specific offenses and that a perpetrator who exposed himself to a group of people could be charged with as many counts of the offense as there were people present. *See Bagget v. State*, 860 S.W.2d 207, 209 (Tex. App.—Houston [1st Dist.] 1993, no pet.). In *Bagget*, the defendant exposed himself to two children and two adults. *Id.* The court stated in dicta:

> The State would have been justified in indicting, prosecuting, and punishing him for four acts of indecent exposure or two acts of indecent exposure and two acts of indecency with a child. The essence of this multiple prosecution is that each offense required proof of a fact that the others did not: the identity of the victim.

*Id.* at 209.

The Houston court asserts that the identity of the victim serves as an element of required proof that would allow multiple prosecutions for the one act of exposure. We respectfully disagree. As discussed previously, indecency with a child by exposure is not a victim-centered offense; again, the child need not even see the exposure for the offense to occur. The act of exposure itself is the gravamen of the crime.[3] We agree with the State and hold that only one crime results regardless of how many children are present to the exposure. Because only one count of indecency with a child by exposure was, or could have been, charged in Yanes's case, we see no possibility of double jeopardy arising from the fact that a specific victim was not named in the indictment. We overrule Yanes's issue.

---

[3] We note that at least one case that we have previously decided began with two charges of indecency with a child by exposure based on two children being present to the exposure. One of the charges was dropped due to some irregularity as to the identity of the second victim. The issue of how many charges were appropriate for the one act of exposure was not before us at that time. *See Uribe v. State*, 7 S.W.3d 294, 295 (Tex. App.—Austin 1999, pet. ref'd).

**CONCLUSION**

We affirm the district court's judgment overruling Yanes's motion to quash. The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   May 20, 2004

Publish