Opinion filed November 9, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00413-CR 

                                                    __________

 

                               DARYLE
EUGENE DUMAS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                              On
Appeal from the 35th District Court

 

                                                             Brown
 County, Texas

 

                                                  Trial
Court Cause No. CR-17,913

 



 

                                                                   O
P I N I O N

This is an appeal pursuant to Tex.  R.
App. P. 31.  Daryle Eugene Dumas
filed a pre-conviction application writ of habeas corpus alleging that his
prosecution for sexual performance by a child in Trial Court Cause No.
CR-17,913 was barred as a result of his acquittal for sexual performance by a
child in Trial Court Cause No. CR-17,912. 
The trial court denied the application. We affirm.

                                                        Applicable
Criminal Statute

Tex. Pen.
Code Ann. ' 43.25
(Vernon Supp. 2006) defines the offense in relevant part as:








 (b) A
person commits an offense if, knowing the character and content thereof, he
employs, authorizes, or induces a child younger than 18 years of age to engage
in sexual conduct or a sexual performance. 
A parent or legal guardian or custodian of a child younger than 18 years
of age commits an offense if he consents to the participation by the child in a
sexual performance.

 

                                                                     Indictments

In Trial Court Cause No. CR-17,912, appellant was
indicted for Aintentionally
or knowingly authoriz[ing] a child younger than 18 years of age, namely April
Smith (Pseudonym),@ to
engage in sexual intercourse.  In Trial
Court Cause No. CR-17,913, appellant was indicted for Aintentionally
or knowingly authoriz[ing] a child younger than 18 years of age, namely Collin
Parks (Pseudonym),@ to
engage in sexual intercourse.

                                                               Background
Facts

The record reflects that, at the time of the
incident, April and Collin were freshmen in high school, were both
fourteen  years old, and were Aboyfriend and girlfriend.@ 
Appellant was Collin=s
stepfather.  After a trial on the
indictment naming April, the jury acquitted appellant.  At the hearing on appellant=s application for writ of habeas corpus
seeking to bar prosecution on the indictment naming Collin, the trial court
took judicial notice of the proceedings involving April.

At trial, April testified that appellant had on
numerous occasions driven the vehicle while she and Collin had sexual
intercourse in the backseat.   April stated
that the first time this occurred she had told Collin that she was
uncomfortable with appellant in the front seat and that Collin had responded, AIt=s
okay, he won=t watch.@ 
Collin and April would usually lay down in the backseat to have
intercourse.  Appellant would take April
home once he saw April and Collin sitting up in the backseat.  Collin used condoms that appellant
provided.  April also testified that
appellant had driven, parked, and exited the vehicle while she and Collin had
intercourse five other times.

Collin testified that he called appellant the
first time to take April and him for a ride because he Aknew
[appellant] would do it.@  During the ride, Collin and April had sexual
intercourse in the backseat.  Collin
testified that, before this time, appellant had driven them around while they
would Akiss and
make out and have, like, mutual masturbation.@  Collin had asked appellant for Atips,@
and appellant had told him Aways
to rub and stuff like that.@  Collin stated that he did not ask his mother
to drive the couple around because he Aknew
she wouldn=t do it.@








When the couple had finished having intercourse
the first time in the car, Collin said he asked appellant to take April home Anow.@  Later, Collin and appellant had a
conversation about what had happened. 
Collin thanked appellant and told him Athat
was cool.@  Appellant responded, ANo
problem.@  Appellant also gave Collin a tip Aof how to make it easier.@

Collin testified that he had called appellant
after that several times to take April and him for a ride so they could have
intercourse in the backseat.  Collin also
stated that he went to appellant to get condoms because he knew his mother
would not give them to him.  At first,
appellant would give Collin a box of three condoms.  Later, appellant starting giving Collin boxes
of twelve.

                                                                 Issues
on Appeal

In two issues on appeal, appellant contends that
the trial court abused its discretion. 
Appellant argues that his prosecution on the indictment naming Collin is
barred by the federal and state doctrines of double jeopardy and of collateral
estoppel because he was acquitted on the indictment naming April.  Appellant contends that, because the same act
of sexual intercourse between Collin and April was alleged in both indictments,
any alleged authorization on his part of this sexual activity constituted only
one offense. We disagree.

                                                        Double
Jeopardy Protection

In North Carolina v. Pearce, 395 U.S. 711,
717 (1969), the United States Supreme Court stated that the Fifth Amendment
guarantee against double jeopardy protects against prosecution for the same
offense after acquittal, against prosecution for the same offense after
conviction, and against multiple punishment for the same offense.  Texas
law affords the same double jeopardy guarantee. 
Stephens v. State, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990); Phillips
v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990).  Both federal and state double jeopardy
guarantees look to the offense as opposed to the transaction and allow multiple
prosecutions when there are multiple victims of violations of one statutory
provision on the ground that this constitutes multiple offenses. Iglehart v.
State, 837 S.W.2d 122, 127 (Tex. Crim. App. 1992); Spradling v. State,
773 S.W.2d 553, 556 (Tex. Crim. App. 1989); Ex parte Rathmell, 717
S.W.2d 33, 35 (Tex. Crim. App. 1986).

 

 








                                                             One
Offense or Two?

Appellant contends that, because the sexual
performance (sexual intercourse between April and Collin) was the same in each
indictment, the jury=s
acquittal on the indictment naming April bars his subsequent prosecution on the
indictment naming Collin.  The State
argues that each indictment names a separate victim and, therefore, that each
indictment involves a separate offense. 
We agree.

Section 43.25(b) defines the offense of sexual
performance of a child in terms of the defendant employing, authorizing, or
inducing a victim to engage in sexual activity. 
It is the defendant=s
actions or conduct with the victim who then engages in sexual activity that
constitutes the offense, not the victim=s
sexual activity by itself.  Therefore,
appellant=s alleged
authorization of April=s
sexual activity is a separate offense from appellant=s
alleged authorization of Collin=s
sexual activity; and the doctrine of double jeopardy does not apply to the
facts of this case.  See Spradling,
773 S.W.2d at 556; Baggett v. State, 860 S.W.2d 207, 209 (Tex. App.CHouston [1st Dist.] 1993, no pet.).

            The
trial court did not abuse its discretion. 
The first issue is overruled.

                                                               Collateral
Estoppel

The doctrine of collateral estoppel bars future
litigation between the same parties of a fact issue that has been previously
determined by a valid and final judgment.  
Ashe v. Swenson, 397 U.S. 436, 443 (1970).  The concept of collateral estoppel is
included in the Fifth Amendment=s
double jeopardy guarantee.  Id. at 445.  If federal and state double jeopardy
protections are not applicable, the doctrine of collateral estoppel is not
applicable.  Calderon v. State,
970 S.W.2d 714, 715 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d).

As stated above, the protections of the double
jeopardy doctrine are not available to appellant in this case; therefore,
neither are the protections of the doctrine of collateral estoppel.  Moreover, the issue of appellant=s alleged authorization of Collin=s sexual activity with April was never
determined or even presented to the jury in the trial on appellant=s alleged authorization of April=s sexual activity with Collin.  

Appellant has not established that the trial court
abused its discretion.  The second issue
is overruled.

 








                                                               This
Court=s Ruling

 The order
of the trial court is affirmed.

 

PER CURIAM

 

November 9, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.