

NUMBER 13-08-537-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **OWEN THOMAS HARRIS,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 94th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Justice Vela

Appellant, Owen Thomas Harris, was indicted for three counts of indecency with a

child by exposure,[1] a third-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A), (d)

---

[1]Except for the victim's name, each count was identical and alleged that appellant "on or about MAY 23, 2005, in Nueces County, Texas, did then and there with the intent to arouse and gratify the sexual desire of the defendant, intentionally or knowingly expose the defendant's GENITALS knowing that [victim], a child younger than 17 years and not the spouse of the defendant, was present. . . ." (emphasis in original).

(Vernon Supp. 2009). He pleaded guilty to all three counts without a recommended punishment. After a punishment hearing, the trial court sentenced him to ten years' imprisonment for each count, with the sentences for counts 1 and 2 running consecutively and the sentence for count 3 running concurrently with counts 1 and 2. In three issues, appellant complains that: (1) the evidence is insufficient to support his guilty plea; (2) double jeopardy barred multiple prosecutions and punishments for the same offense; and (3) he received ineffective assistance of trial counsel. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends that the evidence is insufficient to support his guilty plea because the State did not introduce the judicial confession and the written stipulation as required by article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).

### A. Applicable Law

The United States Constitution does not require the State to present evidence in support of a guilty plea in Texas courts. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Article 1.15 of the code of criminal procedure constitutes "an additional procedural safeguard required by the State of Texas but not by federal constitutional law." *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). In Texas, "[n]o trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'" *Menefee*, 287 S.W.3d at 13; *see* TEX. CODE CRIM. PROC. ANN. art. 1.15.

With respect to the form of evidence required by article 1.15, the court of criminal appeals has explained:

Evidence offered in support of a guilty plea may take many forms. The

2

statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense. Alternatively, our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea.

*Menefee*, 287 S.W.3d at 13 (footnote omitted).

## B. Analysis

At the plea hearing, the State did not introduce either a written stipulation of evidence or a written judicial confession. The State contends that appellant's testimony adduced at the punishment hearing independently served to provide evidentiary support for his guilty plea.[2] Taking into account all of appellant's testimony at the punishment

---

[2]First, the State calls our attention to the following colloquy between appellant and his defense counsel:

| | |
|---|---|
| Counsel: | [D]o you understand why you're hear today? |
| Appellant: | Yes, sir. |
| Counsel: | What do you think of the crime that you just pled guilty to? |
| Appellant: | I'm very ashamed. |
| | * * * * |
| Counsel: | I don't believe they're present today in the courtroom, but what would you have to say to the parents of the victims of the offense? |
| Appellant: | I would tell them that I'm here today proceeding in the manner that I am because I want to do things differently. I want to take responsibility for— |
| Counsel: | Okay. |
| Appellant: | —-for things. |

Next, the State points to the following colloquy between appellant and the prosecutor:

| | |
|---|---|
| Prosecutor: | How—would you consider this a secretive crime? |

hearing, appellant did not specifically admit his culpability or at least acknowledge generally that the allegations against him are in fact true and correct. He also did not acknowledge, independent of his guilty plea, that he committed all of the elements of the charged offense. *See Menefee*, 287 S.W.3d at 13; *see also* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (stating the elements of indecency with a child by exposure).[3] Accordingly, appellant's

---

| | |
|---|---|
| Appellant: | Secretive? No. I mean, anybody can look up my record. I mean, it's— |
| Prosecutor: | No, but I mean the type of crime where you're not a name. Obviously, your name's not on your chest. You just expose yourself and then take off. Is that not secretive? |
| Appellant: | I don't see how. I'm going to forever wear a scarlet letter on my chest now. |

\* \* \* \*

| | |
|---|---|
| Prosecutor: | How would you feel if somebody walked up and did that—what you did to those three children in 2005, if you did that—somebody did that to your children, your 11-year-old girl, how would you feel? |

\* \* \* \*

| | |
|---|---|
| Appellant: | Well, I myself am here pleading guilty, and if it happened to my child, I would call the police and I would have him arrested because I'm a human and I make mistakes. So I would do—take the proper procedure and I would—I would just do that. Because it's not my—it's not my position to judge. |

\* \* \* \*

| | |
|---|---|
| Prosecutor: | I mean, should a—should a nine-year-old girl and two six-year-old girls who were the victims—or two nine-year-olds and one six-year-old who were the victims of your crime, should they be forced to look at a grown man masturbating in an open car? |
| Appellant: | Well, I was there. It wasn't—it wasn't necessarily my—I didn't go there with that in mind or anything. |
| Prosecutor: | You did it though. Should they have to look? Should they be exposed to that; yes or no? |
| Appellant: | No, they shouldn't. |

[3]The crime of indecency with a child by exposure consists of the following elements: 1) that the child was younger than seventeen years and not married to the accused; 2) that a child was present; 3) that the accused had the intent to arouse or gratify someone's sexual desire; 4) that the accused knew a child was present; and 5) that the accused exposed his anus or genitals. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (Vernon Supp. 2009); *Yanes v. State*, 149 S.W.3d 708, 710 (Tex. App.–Austin 2004, pet. ref'd).

testimony does not support the guilty plea,[4] and therefore, the conviction constituted trial error. *See Menefee*, 287 S.W.3d at 14 (stating that "[a] conviction rendered without sufficient evidence to support a guilty plea constitutes trial error.").

**3. Harm**

"'[I]t is the responsibility of the reviewing court, once it concludes there was error, to determine whether the error affected the judgment.'" *Id*. at 19 n.48 (quoting *Ford v. State*, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002)). Insufficient evidence to substantiate appellant's guilty plea under article 1.15 is subject to a harmless-error analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. *Id*. at 18.[5] "Pursuant to Texas Rule of Appellate Procedure 44.2(b), any non-constitutional error that does not affect appellant's substantial rights must be disregarded." *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 44.2(b)). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the [fact finder's] verdict." *Id*.; *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as whole [sic], has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In *Haley*, the court of criminal appeals stated:

In assessing the likelihood that the [fact finder's] decision was adversely affected by the error, an appellate court should consider everything in the record, including any testimony or physical evidence admitted for the [fact

---

[4]*See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

[5]*See also Emmert v. State*, No. 07-08-0456-CR, 2009 WL 5823613, at *3 (Tex. App.–Amarillo Feb. 10, 2010, no pet. h.) (mem. op., not designated for publication) (stating that "[e]ven if the trial court erred in failing to receive evidence sufficient to substantiate [Emmert's] plea under article 1.15, such error would be subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure.") (citing *Menefee*, 287 S.W.3d at 18).

finder's] consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. The reviewing court may also consider the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Haley*, 173 S.W.3d at 518-19.

Here, appellant was charged with three counts of indecency with a child by exposure. He pleaded guilty to the three counts in open court. In connection with entering his plea, appellant signed a document entitled, "Defendant's Statement Understanding Admonishments," upon which he placed his initials in the space that preceded the phrase, "I enter my plea of guilty because I am in fact guilty of said offense." Appellant is not arguing that he is innocent of the three counts of indecency with a child by exposure or that he was somehow tricked into pleading guilty to an offense that never occurred. Furthermore, appellant is not arguing that independent evidence of his guilt does not exist or that evidence does not support his punishment. But for the failure of the prosecutor to introduce either a written stipulation of evidence or a written judicial confession, appellant would not have before this Court the argument he now contends should result in an acquittal. After examining the record as a whole, including appellant's testimony at the punishment hearing, we have a fair assurance that the lack of substantiating evidence did not influence the trial court's verdict, or had but a slight effect. Accordingly, the error did not have a substantial and injurious effect or influence in determining the trial court's verdict, and therefore, did not affect appellant's substantial rights. We hold that appellant was not harmed by the error. Issue one is overruled.

## II. DOUBLE JEOPARDY

In his second issue, appellant contends that the trial court erred in its conviction and subsequent punishment for three separate counts of indecency with a child by exposure,

all arising from the same criminal episode, when the offense is a non-victim-based crime for which double jeopardy bars multiple prosecutions.

The Double Jeopardy Clause of the Fifth Amendment[6] "protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted. It also protects him from being punished more than once for the same offense in a single prosecution." *Gonzales v. State*, No. PD-0337-09, 2010 WL 625056, at *4 (Tex. Crim. App. Feb. 24, 2010). "Sameness" in the latter context is a matter for legislative intent. *Id*. "'With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id*. (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).

"[T]he protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction." *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989); *Sanchez v. State*, 269 S.W.3d 169, 170 (Tex. App.–Amarillo 2008, pet. ref'd). When "there are two victims, a separate victim for each offense, the acts, though occurring at the same time and place, constitute separate offenses involving separate issues of law, and separate prosecutions are not barred by former jeopardy." *Spradling*, 773 S.W.2d at 556. Appellant argues that although more than one child may be present when an accused engages in the conduct that the indecency-with-a-child-by-exposure statute prohibits, only one offense occurs because "neither the child's awareness of the perpetrator's presence and/or the witnessing of the perpetrators [sic] anus or any part of the person's genitalia is a required element of the charge." However, the Double

---

[6]The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

Jeopardy Clause "does not restrict a legislature from carving as many offenses as it chooses from one transaction so long as each offense requires proof of a fact which the other does not." *Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990) (internal quotation marks omitted).

A case that aids us in our analysis of appellant's argument is *Baggett v. State*, 860 S.W.2d 207 (Tex. App.–Houston [1st Dist.] 1993, no pet.). In that case, Grady Baggett, at the same time and place, approached four people—two children and two adults—and exposed his genitals to all of them. *Id*. at 208. After he pleaded guilty to one count of indecent exposure with respect to one of the adults, he was indicted for two counts of indecency with a child by exposure—one count for each child. *Id*. Baggett filed a pre-trial motion to dismiss the indictment on the ground that because he had already pleaded guilty to one count of indecent exposure and, because double jeopardy barred prosecution for both counts of indecency with a child by exposure. *Id*. The trial court denied the motion to dismiss, and after pleading nolo contendere to both counts of indecency with a child by exposure, Baggett appealed the two convictions for indecency with a child by exposure, arguing that his conviction for one count of indecent exposure precluded subsequent prosecution for two counts of indecency with a child by exposure. *Id*. In rejecting this argument, the appellate court stated:

> The State would have been justified in indicting, prosecuting, and punishing [Baggett] for four acts of indecent exposure or two acts of indecent exposure and two acts of indecency with a child. The essence of this multiple prosecution is that each offense required proof of a fact that the others did not: the identity of the victim. Because each victim in the two convictions was different, each conviction was based on a separate offense. Therefore, [Baggett's] right to be protected against multiple prosecutions and punishments for the same offense was not violated.

*Id*. at 209.

A person commits the offense of indecency with a child by exposure if the person, with intent to arouse or gratify the sexual desire of any person, exposes the person's anus or any part of the person's genitals, knowing that the child is *present*. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (emphasis added). Thus, the statute provides a distinct offense against each child present by a single act of exposure. Proof of an identifiable child as an additional element of the statute is required, and thus an offense against each child present would constitute a separate crime. *See Baggett*, 860 S.W.2d at 209. Thus, double jeopardy does not bar multiple punishments or prosecutions for the same act of indecency with a child by exposure when three different children are involved. Issue two is overruled.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his third issue, appellant contends that he was denied his right to effective assistance of trial counsel. *See* U.S. CONST. amend. VI. Specifically, he states that he "was denied effective assistance of counsel and was given erroneous advice from counsel that may have induced or caused him to plea guilty instead of proceeding to trial."

### A. Standard of Review

When a defendant enters his or her plea upon counsel's advice and subsequently challenges the voluntariness of the plea on the basis of ineffective assistance of counsel, the voluntariness of the plea depends on "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *Forcey v. State*, 265 S.W.3d 921, 925 (Tex. App.–Austin 2008, no pet.). Under the first part of the test, a

9

defendant must overcome a strong presumption that trial counsel was competent. *Mitich v. State*, 47 S.W.3d 137, 141 (Tex. App.–Corpus Christi 2001, no pet.) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Under the second part of the test, we consider both the circumstances surrounding the plea and the gravity of the misrepresentation as it pertained to the defendant's plea determination. *Id*. (citing *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999)).

**B. Analysis**

**1. Advice With Respect To Community Supervision**

During the punishment hearing, while appellant was on the witness stand, defense counsel asked him, "Now, you understand because this is a 3G offense you're not eligible for probation from the judge?". In response, appellant said, "I understand. I understand." During closing argument, defense counsel argued to the trial court, "I wish I could ask the Court for probation on this case but I can't. Not to say the Court would even consider it, but I wish I could ask you for it." Based upon these remarks, appellant contends that trial counsel wrongly advised both him and the trial court that the crime of indecency with a child by exposure was a "3G offense," making him ineligible for community supervision.

Article 42.12, Section 3(a) of the Texas Code of Criminal Procedure broadly authorizes a trial judge, after a guilty plea, to place an eligible defendant on community supervision whenever he or she deems it "in the best interest of justice, the public, and the defendant" to do so. *Ivey v. State*, 277 S.W.3d 43, 45 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp. 2009). Article 42.12, section 3g limits the offenses for which the trial court can order community supervision. Section 3g(a) states that "[t]he provisions of Section 3 of this article do not apply: (1) to a defendant adjudged guilty of an offense under: . . . (c) Section 21.11(a)(1), Penal Code (Indecency

with a child); . . . ." *Id*. § 3g(a)(1)(c). Article 42.12, Section 3g(a)(1)(c) specifically refers to indecency with a child by contact[7]; the statute does not refer to indecency with a child by exposure. Thus, trial counsel incorrectly advised appellant and the trial court that appellant was ineligible for community supervision. However, the record does not show that even if trial counsel had correctly advised appellant concerning his eligibility for community supervision, there is a reasonable probability that, but for counsel's error, appellant would not have pleaded guilty and would have insisted on going to trial. "Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

With respect to trial counsel's incorrect statement to the trial court concerning appellant's eligibility for community supervision, the granting of community supervision is a privilege, not a right, and the decision to grant community supervision is wholly discretionary. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). The record does not show that had trial counsel correctly stated to the trial court that appellant was eligible for community supervising, the trial court would have placed him on community supervision. Thus, appellant has failed to show that but for counsel's error, the result of the proceeding would have been different. *See Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (stating that to establish the prejudice prong of *Strickland*,[8] a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.") (internal quotation marks

---

[7]Section 21.11 of the penal code provides, in relevant part, that: "(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact; . . . ." TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009).

[8]*See Strickland v. Washington*, 466 U.S. 668 (1984).

omitted). Because we are limited to the record before us, the record must support appellant's assertions. *McFarland*, 928 S.W.2d at 500.

## 2. Failure to Advise Appellant about Double Jeopardy

Appellant contends that he received ineffective assistance of trial counsel because "counsel failed to advise [him] that a double jeopardy claim may exist to bar the multiple prosecutions for the one single crime." However, the record does not demonstrate that counsel failed to advise appellant about this aspect of double jeopardy. Because we are limited to the record before us, the record must support appellant's assertions. *McFarland*, 928 S.W.2d at 500.

## 3. Failure to Object or File Pre-trial Motion

Appellant contends that he received ineffective assistance of trial counsel because counsel 1) did not file a pre-trial motion regarding a possible double-jeopardy challenge, or 2) did not orally object either before or during the plea hearing regarding a possible double jeopardy challenge. "The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight." *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). We have already held that there was no double jeopardy violation—so there was no error in failing to request a ruling on double jeopardy or failing to advise the defendant of that possibility. Trial counsel may have concluded that double jeopardy was not violated, or trial counsel may have decided not to object or file a pre-trial motion for reasons of trial strategy. If counsel's reasons for his conduct do not appear in the record and there is "at least the possibility" that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance claim on direct appeal. *Garza v. State,* 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). We hold that appellant failed to rebut

12

the presumption that counsel acted reasonably. *See Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004) (stating that "[a]ppellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance"). Issue three is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 15th
day of April, 2010.