

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0945-10

**OWEN THOMAS HARRIS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a dissenting opinion.

### O P I N I O N

Appellant, Owen Thomas Harris, was convicted of three offenses of indecency with a child by exposure. TEX. PENAL CODE § 21.11(a)(2)(A). The court of appeals affirmed, rejecting Appellant's double jeopardy argument that he received multiple punishments for the same offense. *Harris v. State*, No. 13-08-537-CR, 2010 Tex. App. LEXIS 2766 (Tex. App.—Corpus Christi April 15, 2010) (not designated for

publication). We exercised our discretionary authority to review this decision, and we will reverse the judgment of the court of appeals and remand the case to reform the judgment and sentence.

## I. FACTS

Pursuant to a three-count indictment, Appellant entered an open plea of guilty, and he was convicted in a single proceeding of three offenses of indecency with a child by exposure. These three convictions arise out of a single act or criminal episode during which Appellant masturbated in his car knowing that a six-year-old girl and two nine-year-old girls were present.[1] After a punishment hearing, the trial court sentenced Appellant to ten years' imprisonment for each count, with counts 1 and 2 running consecutively, and the sentence for count 3 running concurrently with counts 1 and 2.

## II. CORPUS CHRISTI COURT OF APPEALS

On direct appeal, Appellant argued that the trial court erred in the conviction and punishment of three separate counts of indecency by exposure, arising from the same criminal episode, when the offense is a non-victim-based crime for which double jeopardy bars multiple prosecutions.[2] The Corpus Christi Court of Appeals disagreed and

---

[1]Each count of the indictment was identical, except for the child's name: Appellant "did then and there with the intent to arouse and gratify the sexual desire of the defendant, intentionally or knowingly expose the defendant's GENITALS knowing that [the victim], the child younger than 17 years of age and not the spouse of the defendant, was present."

[2]Appellant raised a total of three issues on appeal: "(1) the evidence is insufficient to support his guilty plea; (2) double jeopardy barred multiple prosecutions and punishments for the same offense; and (3) he received ineffective assistance of counsel." *Harris*, 2010 Tex. App. LEXIS 2766, at *1.

affirmed the trial court's judgment. *Harris*, 2010 Tex. App. LEXIS 2766, at *10-14.

The court of appeals noted that "the Double Jeopardy Clause 'does not restrict a legislature from carving as many offenses as it chooses from one transaction so long as each offense requires proof of a fact which the other does not.'" *Id.* at *11-12 (quoting *Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990)). Then, relying on *Baggett v. State*, 860 S.W.2d 207 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (op. on reh'g), the court decided that Section 21.11(a)(2)(A) "provides a distinct offense against each child present by a single act of exposure." *Harris*, 2010 Tex. App. LEXIS 2766, at *13. It explained that "[p]roof of an identifiable child as an additional element of the statute is required, and thus an offense against each child present would constitute a separate crime." *Id.* at *13-14. Hence, the court reasoned that, because three different children were involved in this case, double jeopardy did not bar multiple prosecutions for the same act of indecency with a child. *Id.* at *14.

We granted Appellant's petition for discretionary review to determine whether his right against double jeopardy was violated. Specifically, the ground upon which we granted review states the following:

> Did the Court of Appeals err in requiring the child's name as a necessary element of proof for the crime of indecency with a child by exposure, unlike the lesser charge of indecent exposure, which does not require the victim's name as an element of the crime, affecting appellant's double jeopardy claim?

### III. ARGUMENTS OF THE PARTIES

### A. Appellant's Argument

Appellant contends that he was subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution.

Although he notes that it "fell short of completely disposing of Appellant's particular double jeopardy issue," Appellant asserts that our ruling in *Ex parte Amador*, 326 S.W.3d 202 (Tex. Crim. App. 2010), which upheld the continuing validity of the holding in *Briceno v. State*,[3] "inadvertently pre-determined the ultimate outcome in this case." According to Appellant, to be consistent with *Briceno*, we "must hold that multiple counts for each child victim in one single act of exposure for the offense of Indecency with a Child by Exposure cannot carry multiple punishments."

Appellant asserts that the statute defining indecency with a child by exposure does not require the name of the child as a separate element of the crime, relying on *Yanes v. State*, 149 S.W.3d 708, 710-12 (Tex. App.—Austin 2004, pet. ref'd). In *Yanes*, the defendant was accused of exposing himself in the presence of several children. *Id.* at 709. His subsequent indictment for the offense of indecency with a child by exposure contained one count that did not specify who the victim was. *Id.* Although the defendant complained that the omission of a named child victim left him vulnerable to double jeopardy, the Austin Court of Appeals concluded that "only one crime results regardless of how many children are present to the exposure." *Id.* at 712. The court emphasized the

---

[3]*Briceno v. State*, 580 S.W.2d 842 (Tex. Crim. App. 1979).

act of exposure itself as the gravamen of the crime: "Indecency with a child by exposure centers on the mental state and actions of the perpetrator and not on the harm done to the victim." *Id.* at 711-12.

### B. State's Argument

The State responds that the court of appeals properly decided that there was no double jeopardy violation in this case because the plain language of Section 21.11(a)(2)(A) indicates that the child victim is the allowable unit of prosecution for the offense of indecency with a child by exposure. In making this argument, the State, like the Corpus Christi Court of Appeals, refers to *Baggett*, 860 S.W.2d 207. In that case, the defendant was accused of exposing himself to two children and two adults. *Id.* at 208. After he pled guilty to the offense of indecent exposure, the defendant was indicted on two counts of indecency with a child by exposure. *Id.* The First Court of Appeals rejected the defendant's complaint that this prosecution was barred by double jeopardy:

> The State would have been justified in indicting, prosecuting, and punishing him for four acts of indecent exposure or two acts of indecent exposure and two acts of indecency with a child. The essence of this multiple prosecution is that each offense required proof of a fact that the others did not: the identity of the victim. Because each victim in the two convictions was different, each conviction was based on a separate offense. Therefore, appellant's right to be protected against multiple prosecutions and punishments for the same offense was not violated.

*Id.* at 209.

The State also notes Presiding Judge Keller's dissenting opinion in *Amador*, 326 S.W.3d at 210 (Keller, P.J., dissenting). While the State concedes that the particular issue

of this case was not before the Court in *Amador*, it argues that the dissenting opinion's units of prosecution discussion is pertinent to this case. In particular, the State relies on the statute's requirements regarding (1) the presence of "a child" and (2) the defendant's awareness regarding the presence of "the child" indicate "that a particular child victim is contemplated, in turn indicating that the child victim defines the unit of prosecution." *See id.* at 214-15.

## IV. ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This constitutional protection is violated if a defendant suffers multiple punishments for the "same offense." *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

The Legislature has the power to establish and define crimes. *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999). It also defines whether offenses are the same by prescribing the allowable unit of prosecution, which is "a distinguishable discrete act that is a separate violation of the statute." *Cavazos*, 203 S.W.3d at 336; *Hawkins*, 6 S.W.3d at 556-57. The United States Supreme Court has described this broad legislative power:

> It is Congress, and not the prosecution, which establishes and defines offenses. Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses. But once Congress has defined a statutory offense by its prescription of the "allowable unit of

prosecution," that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct "offenses" under the statute depends on this congressional choice.

*Sanabria v. United States*, 437 U.S. 54, 69-70 (1978) (citations omitted).

In determining whether a particular course of conduct involves one or more distinct offenses under a single statute, we must ascertain the "allowable unit of prosecution" under the statute.[4] *Bigon v. State*, 252 S.W.3d 360, 371-72 (Tex. Crim. App. 2008); *Saenz v. State*, 166 S.W.3d 270, 272 (Tex. Crim. App. 2005). "Although this inquiry resolves the double jeopardy analysis, it is purely one of statutory construction." *Jones v. State*, 323 S.W.3d 885, 888 (Tex. Crim. App. 2010); *accord Hawkins*, 6 S.W.3d at 556.

Statutory construction is a question of law, and we review the record de novo. *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009). In construing a statute, we must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We look first to the statute's literal text, and "we read words and phrases in context and construe them according to the rules of grammar and usage." *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008). We must "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if

---

[4]In cases involving multiple violations of the same statute, the "same elements" test for the purposes of a double jeopardy analysis does not apply. *Ex parte Goodman*, 152 S.W.3d 67, 70 n.5 (Tex. Crim. App. 2004); *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986).

reasonably possible." *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997).

Only if the statutory language is ambiguous, or leads to absurd results that the Legislature

could not have possibly intended, may we consult extra-textual sources. *Boykin*, 818

S.W.2d at 785.

In the instant case, Appellant was found guilty of three offenses under the same

statute (indecency with a child by exposure), so we must determine the allowable unit of

prosecution for that statute in order to decide how many offenses Appellant committed.

*See Jones*, 323 S.W.3d at 888. Texas Penal Code Section 21.11 provides, in pertinent

part,

> A person commits an offense if, with a child younger than 17 years of age,
> whether the child is of the same or opposite sex, the person . . . with intent
> to arouse or gratify the sexual desire of any person . . . exposes the person's
> anus or any part of the person's genitals, knowing the child is present.

TEX. PENAL CODE § 21.11(a)(2)(A).

We first look to see if the legislative intent can be derived from the plain text.

Absent an explicit statement that "the allowable unit of prosecution shall be such-and-

such," the best indicator of legislative intent regarding the unit of prosecution is the

gravamen or focus of the offense. *Jones*, 323 S.W.3d at 889; *Huffman v. State*, 267

S.W.3d 902, 907 (Tex. Crim. App. 2008).

One aid in identifying the gravamen of the offense is grammar. *Jones*, 323 S.W.3d

at 890-91; *Huffman*, 267 S.W.3d at 906-07. An analysis of the elements of indecency

with a child by exposure under Section 21.11(a)(2)(A) reveals that the subject is "a

person" (or the defendant), the verb is "exposes," and the direct object is "the person's anus or any part of the person's genitals." The remaining elements are prepositional and adverbial phrases that define the circumstances in which the act of exposure amounts to an offense; that is, the Legislature placed limitations on the conduct by criminalizing exposure only in specific circumstances. Hence, this grammatical analysis suggests that the act of exposure is the focus of the offense and, thus, the unit of prosecution is each exposure.

Another aspect of grammar indicating the gravamen of the offense "is that a legislative reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution." *Jones*, 323 S.W.3d at 891. Generally, such singularity refers to or modifies the direct object of the sentence. *See id.*; *see also Vineyard v. State*, 958 S.W.2d 834, 837 (Tex. Crim. App. 1998); *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986). For example, in *Jones*, we analyzed the statute proscribing the offense of "false statement to obtain property or credit." *See* TEX. PENAL CODE § 32.32. In concluding that each "materially false or misleading written statement" made constituted a separate unit of prosecution, one of the factors upon which we relied was the statute's use of the singular. *Jones*, 323 S.W.3d at 891-92. We identified the main structure of the sentence and emphasized the singularity of the direct object: "A person commits an offense if he intentionally or knowingly makes *a materially false or misleading written statement* to obtain property or credit for himself or another." TEX.

PENAL CODE § 32.32 (emphasis added); *Jones*, 323 S.W.3d at 891.

In this case, we recognize the use of the singular forms of "the child" and "a child" in Section 21.11(a)(2)(A). *See Amador*, 326 S.W.3d at 214-15 (Keller, P.J., dissenting). However, that singularity does not relate to the direct object of the statute (the person's anus or any part of the person's genitals), so it does not control our unit of prosecution analysis.

Yet another aid in determining the gravamen of an offense is to identify "the offense element that requires a completed act." *Jones*, 323 S.W.3d at 890; *see also Cavazos*, 203 S.W.3d at 337; *Hawkins*, 6 S.W.3d at 559-60; *Rathmell*, 717 S.W.2d at 35. To illustrate, in *Cheney v. State*, 755 S.W.2d 123 (Tex. Crim. App. 1988), we held that the gravamen of the offense of "false statement to obtain property or credit" of Section 32.32 is the act of "making" a materially false statement, rather than the acquisition of property or credit. In so holding, one factor we emphasized was that the "actual acquisition of property or credit is not a required element of the offense."[5] *Id.* at 129. Consequently, "[t]he offense is complete once the written, deceptive statement relevant to obtaining property or credit is made." *Id.*

Here, the offense of indecency with a child by exposure is complete once the defendant unlawfully exposes himself in the required circumstances. In *Ex parte*

---

[5]We subsequently relied on this reasoning in *Jones*, 323 S.W.3d 885, discussed supra.

*Amador*,[6] we established that indecency with a child by exposure does not depend upon the child suffering any harm from seeing the defendant's genitals. *Amador*, 326 S.W.3d at 207, 208. "[I]t is the society that is 'offended or alarmed' by the fact that its children should be subjected to such exposure." *Id.* at 208. The child need only be "present" for the offense to be effectuated; the child does not even have to be aware of the exposure. As Judge Cochran stated in her concurring opinion, "The offense is based on the defendant's actions and mental state, not the other person's comprehension." *See id.* at 209 (Cochran, J., concurring) (citing *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd) (upholding a conviction for indecency with a child by exposure even though the child did not see the defendant's genitals)). Accordingly, the forbidden conduct of Section 21.11(a)(2)(A) is the exposure of the defendant's anus or genitals under the proscribed circumstances. As such, this factor suggests that the act of exposure is the unit of prosecution.

After considering all of these factors, we believe that the clear language of Section 21.11(a)(2)(A) indicates that the exposure, not the number of children present, constitutes

---

[6]In *Amador*, we held that indecent exposure, as set out in Section 21.08(a) of the Texas Penal Code, is a lesser-included offense of indecency with a child by exposure under Section 21.11(a)(2)(A) when these two offenses arise out of the same act. *Amador*, 326 S.W.3d at 204, 208. *Amador* expressly left open, and noted that it was not deciding, the specific question presented in this case of whether "two counts of indecency with a child by exposure can be based upon a single exposure if there are two child victims." *Id.* at 207.

the unit of prosecution.[7]

Our holding is consistent with *Wallace v. State*, 550 S.W.2d 89 (Tex. Crim. App. 1977). In *Wallace*, we held that "to whom the exposure is directed is not an essential element of the offense of indecent exposure." *Id.* at 91; *see* TEX. PENAL CODE § 21.08(a).[8] Consequently, we held that the failure to plead the specific person to whom an accused exposed himself did not render an indictment or information fundamentally defective. *Id.* As the dissent itself acknowledges, *Wallace* "leads to the inescapable conclusion that the offense of indecent exposure has no complaining witness or victim that would define a unit of prosecution for the offense." *See Amador*, 326 S.W.3d at 213 (Keller, P.J., dissenting). Therefore, the act of exposure must be the gravamen of the indecent exposure.

The dissent argues that the unit of prosecution should be each child victim because a culpable mental state (knowing) is required to attach to a particular circumstance (a child's presence). *See Huffman*, 267 S.W.3d at 908; *see also McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). However, if the dissent's argument was correct, then indecent exposure would also be defined by the victim since a mental state

---

[7]If the Legislature intended otherwise, we encourage it to reconsider the language of the statute.

[8]Section 21.08(a) of the Penal Code provides, "A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act."

(reckless) attaches to a circumstance (whether another who will be offended or alarmed by his act is present). Such a result would be contrary to *Wallace*. Indecent exposure and indecency with a child by exposure are both "circumstances of conduct" offenses, in which a mental state is required to a specific circumstance. As we have previously recognized,

> [their] elements are identical except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another *person* . . . . Thus, indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of the higher culpable mental state and that the person is a child.

*Briceno v. State*, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979) (citations omitted). Accordingly, because *Wallace* leads to the conclusion that the act of exposure is the gravamen of indecent exposure, the gravamen of indecency with a child by exposure should also be the act of exposure.

In conclusion, the gravamen of the offense of indecency with a child by exposure is the act of exposure. The allowable unit of prosecution for the offense is the act of exposure, and consequently, the child-victim's name is not a necessary element of proof.[9] Appellant committed only one offense under Section 21.11(a)(2)(A) when he exposed himself to three children at the same time.

---

[9] "Although it is better practice to plead, where applicable, an accused exposed himself to a specified person or persons, failure to allege this would not render an indictment or information fundamentally defective." *Wallace*, 550 S.W.2d at 91. We recognize that this was stated in an indecent exposure case, but we believe it is equally applicable here.

## VI. CONCLUSION

Appellant's right against double jeopardy was violated when he was convicted on three counts of indecency with a child by exposure that resulted from a single act of exposure. The judgment of the court of appeals is reversed, and the case is remanded to the trial court to reform the judgment and sentence in accordance with this opinion.

Hervey, J.

Delivered: November 9, 2011

Publish